**Frank SMITH, Jr., Plaintiff-Appellee,**

v.

**VILLAGE OF MAYWOOD, a Municipal Corporation, and Robert Grace, Defendants-Appellants.**

**Nos. 91–3004, 91–3169.**

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1992.

Decided Aug. 12, 1992.

As Corrected Aug. 28, 1992.

Jody Ann Lowenthal (argued), Chicago, Ill., for plaintiff-appellee.

Robert L. Scott, Peter M. Rosenthal, Rosenthal, Murphey, Coblentz & Janega, Ronald Cope, Thomas G. DiCianni, Steven V. Hogroian, Dean W. Krone (argued), Ancel, Glink, Diamond & Cope, Chicago, Ill., for defendants-appellants in No. 91–3004.

Peter M. Rosenthal, Rosenthal, Murphey, Coblentz & Janega, Ronald Cope, Thomas G. DiCianni, Steven V. Hogroian, Dean W. Krone (argued), Ancel, Glink, Diamond & Cope, Chicago, Ill., Cary Schwimmer, Young & Perl, Memphis, Tenn., for defendants-appellants in No. 91–3169.

Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.

PER CURIAM.

Frank Smith sued the Village of Maywood, Illinois and certain of its officers (collectively, "Maywood") for violating his civil rights. Apparently, without notice to Smith, Maywood boarded up some apartments in a building he owns. The district court determined that Maywood deprived Smith of property without due process of law and awarded compensatory damages of $4,525.80.

This appeal stems from the proceedings we have described, but the merits are not before us. Instead, we must decide whether the district court properly awarded Smith $211,837.50 in attorney's fees. Although Smith was clearly the prevailing party and is presumptively entitled to attorney's fees, *see* 42 U.S.C. § 1988, we conclude that the amount of the award is not adequately supported in the record. Accordingly, we reverse and remand.

I.

A. *Lack of Findings*

■ In its entirety, the order granting attorney's fees reads as follows: "It is ordered and adjudged that judgment is entered in favor of the plaintiff Frank Smith, and against the defendant, Village of Maywood in the amount of $211,837.50, nunc pro tunc July 12, 1991." Judgment Order (August 27, 1991). Although we cannot be sure, we surmise that the court added up

the hours claimed by Smith's attorney, multiplied the result by her normal rate ($150 per hour) and applied the requested multiplier of three.

We do not generally require detailed findings in support of an award of attorney's fees. *Freeman v. Franzen*, 695 F.2d 485, 494 (7th Cir.1982), *cert. denied*, 463 U.S. 1214, 103 S.Ct. 3553, 77 L.Ed.2d 1400 (1983). But this judgment does not present *any* of the reasons behind the court's decision. Such silence prevents effective appellate review: "[i]t is not the role of this court to speculate on the reasons which may have supported the decision." *Id.*

■ Ms. Lowenthal, Smith's attorney (the real party in interest here), argues that the district court may have made oral findings. She has not pointed them out, she says, because Maywood did not file a transcript of the post-trial proceedings, as it was required to do under Fed.R.App.P. 10(b), until after she filed her responsive brief. Maywood's delay worked a hardship on Lowenthal, and such delay may sometimes be sanctionable. *Wilson v. Electro Marine Systems, Inc.*, 915 F.2d 1110, 1117–18 (7th Cir.1990). But Lowenthal raised this argument in her third motion to dismiss the appeal, which we denied by order on February 20, 1992. Once we denied the motion to dismiss, it was Lowenthal's burden to supplement her brief as necessary to preserve her claim. We will not comb the record for her.

**B.** *Timeliness*

■ Maywood argues that we should reverse the award of fees and dismiss the petition with prejudice because it was not timely filed. General Rule 46 of the United States District Court for the Northern District of Illinois provides:

A petition for attorney's fees in a civil proceeding shall be filed within ninety days of the entry of final judgment, provided that the court upon written motion and for good cause shown may extend the time. A petition for fees shall be denied if it is not filed within the period established by this rule.

Maywood points out that the district court entered a minute order disposing of the merits of the case on March 24, 1989. That order states, "the time for appeal shall start to run as of the entry date of this order." The fee petition, however, was not filed until January 10, 1990—rather more than 90 days later. Further, Lowenthal never made a written request for an extension. Maywood believes that the March order was a final judgment and that the mandatory language of Rule 46 requires us to dismiss the petition out of hand. *Townsend Engineering Co. v. HiTec Co.*, 117 F.R.D. 612, 613 (N.D.Ill.1987).

We have emphasized the need for flexibility and good sense in interpreting time limits on attorney's fee petitions. *See, e.g.*, *Max M. v. New Trier High School Dist.*, 859 F.2d 1297, 1300–01 (7th Cir.1988) (Rule 46 need not apply when statute authorizing fees is enacted after expiration of 90–day period); *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir.1987) (Rule 46 does not apply to petitions for fees under 42 U.S.C. § 406(b)(1) because the attorney will not know until more than 90 days after final judgment what fees are allowable) (per curiam); *see also Kaplan v. Zenner*, 956 F.2d 149, 151–52 (7th Cir.1992) (requests for attorney's fees as sanctions must be made within reasonable time after discovery of Rule 11 violation, even if underlying case has not come to judgment). Along these lines, Judge Williams of the Northern District of Illinois has decided that a "final judgment" does not occur under Rule 46 until the conclusion of the *appeal* of the case. *Lifchez v. Hartigan*, No. 82 C 4324, 1991 WL 96435 at *1 1991 U.S.Dist. LEXIS 7397 at *3–4 (N.D.Ill. May 31, 1991) (citing, *inter alia*, *McDonald v. Schweiker*, 726 F.2d 311, 314–16 (7th Cir.1983)); *see also Robinson v. Chicago*, No. 83 C 5685, 1991 WL 42881 at *2 1991 U.S.Dist. LEXIS 3582 at *6–8 (N.D.Ill. March 22, 1991) (delaying consideration of fee petition until denial of petition for certiorari). Delaying the filing of fee petitions cuts down on multiple petitions and time wasted on petitions based on judgments that may be reversed on appeal. *Lifchez*, 1991 WL 96435 at *1. 1991 U.S.Dist. LEXIS 7397 at *4. It simply

makes little sense to require the submission of petitions for attorney's fees before the legal work is done. If we apply Judge Williams' approach, and find the date on which litigation actually ended, the petition for fees in this case was clearly timely. The litigation in this case did not end until October 30, 1989, when Maywood tendered a check for damages and costs in open court. The petition for fees was filed less than 90 days later.

The parties have ignored the case law cited above. Instead, they have assumed that "final judgment" in Rule 46 has roughly the same meaning as "final decision" as that term is used in our jurisdictional statute. *See* 28 U.S.C. § 1291 (1988); *but cf. McDonald,* 726 F.2d at 313 ("The term 'final judgment,' which appears 151 times in the United States Code, does not have a single fixed meaning."). Maywood argues that the March order was a final judgment because it could have been appealed. *TMF Tool Co. v. Muller,* 913 F.2d 1185, 1189 (7th Cir.1990) (judgment may be appealed "when the final disposition of the district court was intended to be the final decision in the case."). Smith responds that the March order was not a judgment because the court did not enter the judgment on a separate document, as Rule 58 of the Federal Rules of Civil Procedure requires. Accepting the parties' assumption about the meaning of "final judgment," Maywood loses again.

Rule 58 of the Federal Rules of Civil Procedure provides that no judgment is effective until the court enters a separate document containing an unadorned version of the outcome of the case. *Reytblatt v. Denton,* 812 F.2d 1042, 1043–44 (7th Cir. 1987). One of the purposes of this requirement is to ensure that the parties and the appellate court can be certain about the proper timing of an appeal. *Id.* at 1043. The same rationale applies here. Until the district court entered a separate judgment, it would have been difficult for Lowenthal to work out when she should file her petition. It is true, as Maywood argues, that the March order was probably an appealable final *decision* in the jurisdictional sense. But we allow appeals from *judg-*

*ments* that do not comply with Rule 58 only because the requirements of Rule 58 can be waived by the consent of the parties. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 387, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978). There is no indication that Smith waived Rule 58's requirements here.

So when did the 90–day clock begin to run under this analysis? According to the parties, the district court did not enter an effective Rule 58 judgment until after it granted Smith's petition for fees. Thus the clock did not begin to run until after the petition was filed: the petition was, at worst, early.

■ Generally speaking, we prefer to defer to the district courts when interpreting their local rules. *Max M.,* 859 F.2d at 1300–01. Since the district judge in the case before us did not opine on the subject, we decline to decide whether "final judgment" in Rule 46 means an appealable judgment or the end of litigation. Either way, the petition for fees was timely.

## C. *Merits of the Petition*

Maywood raises several arguments directed to the amount of the fees awarded. For the most part, evaluation of these arguments requires an investigation of the facts for which the district court is better suited than we. In addition, we direct the attention of the parties to *Burlington v. Dague,* —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), which holds that risk multipliers are not generally permitted under federal fee-shifting statutes. The district court should determine whether the holding of *Dague* applies to 42 U.S.C. § 1988.

## II.

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion. Circuit Rule 36 shall apply on remand.