Frank SMITH, Jr., Plaintiff–Appellant,

v.

VILLAGE OF MAYWOOD, a Municipal Corporation, and Robert Grace, Defendants–Appellees.

No. 93–2102.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 12, 1993.

Decided Feb. 24, 1994.

Jody Ann Lowenthal, Chicago, IL (argued), for plaintiff-appellant.

Stanley L. Hill, Jennifer Lee (argued), Hill & Associates, Peter M. Rosenthal, Rosenthal, Murphey, Coblentz & Janega, Christopher W. Graul, Chicago, IL, for Village of Maywood.

Stanley L. Hill, Jennifer Lee, Hill & Associates, Peter M. Rosenthal, Rosenthal, Murphey, Coblentz & Janega, Ronald Cope, Thomas G. DiCianni, Steven V. Hogroian, Dean W. Krone, Ancel, Glink, Diamond & Cope, Christopher W. Graul, Chicago, IL, for Robert Grace.

Before FLOYD R. GIBSON,* KANNE and ROVNER, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

We revisit the district court's determination of attorney's fees in this matter. *See Smith v. Village of Maywood*, 970 F.2d 397 (7th Cir.1992). Frank Smith appeals and claims the court erred in failing to enhance the attorney's fees awarded under 42 U.S.C. § 1988.[1] We reverse and remand with instructions.

---

*\* The Honorable Floyd R. Gibson, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, is sitting by designation.*

1. "[T]he court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1988).

## I. BACKGROUND

In the 42 U.S.C. § 1983 action underlying this appeal, Smith claimed the Village of Maywood and certain of its officers (collectively, "Maywood") deprived him of property without due process of law. Smith alleged that Maywood had boarded up some of his rental units without appropriate notice or hearing. In October 1988, Smith prevailed and the district court awarded him $4525.80 in compensatory damages and an unspecified amount in reasonable attorney's fees. 699 F.Supp. 157. On July 12, 1991, the court granted Smith's fee petition, and on August 27, 1991, the court entered a *nunc pro tunc* judgment against Maywood for $211,837.50. The court apparently calculated this amount by adding the hours claimed by Smith's attorney, multiplying the total hours by the rate of $150.00 per hour, and multiplying the result by three in order to enhance the award.[2] Maywood appealed the fee judgment, and we reversed and remanded because the district court failed to state any findings to support the award. *Smith*, 970 F.2d at 398. ("Although Smith was clearly the prevailing party and is presumptively entitled to attorney's fees, *see* 42 U.S.C. § 1988, we conclude that the amount of the award is not adequately supported in the record.").

On remand, Smith's second fee petition stated that his attorney's customary fee in 1986 was $150.00 per hour. The petition claimed that the usual fee for similar work performed in the Chicago area in 1992 ranged from $250.00 per hour to $550.00 per hour. Without holding a hearing, the court concluded that Smith's attorney requested compensation at the rate of $150.00 per hour and that this figure represented "a fair and reasonable rate, one both akin to rates prevailing in this legal community and indicative of counsel's market rate." The district court awarded Smith a total of $73,276.50 in attorney's fees. Smith appeals, complaining that

---

2. Because the district court did not state how it calculated the award, we recount how this court surmised the fees were initially calculated. *Smith v. Village of Maywood*, 970 F.2d 397, 398–99 (1992).

the court's award failed to compensate for the delay in payment of attorney's fees.[3]

## II. DISCUSSION

Courts are instructed to base attorney's fees awarded under 42 U.S.C. § 1988 on the "market rates for services rendered." *Missouri v. Jenkins*, 491 U.S. 274, 283, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989). However, "compensation received several years after the services were rendered—as it frequently is in complex civil rights litigation—is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed...." *Id.* The delay in compensation to attorneys for their service in these cases creates a financial hardship and frustrates the goal of § 1988 to "encourag[e] the enforcement of federal law through lawsuits filed by private persons." *Id.* at n. 6 (quotation omitted). Consequently, adjustment for the delay in payment of attorney's fees is appropriate under § 1988. *Id.* at 284, 109 S.Ct. at 2469.

We have described two methods of compensating for the delay in payment of attorney's fees. One method is to calculate the fee award using the attorney's current rates. The other method is to "base the award on the rates the lawyers charged when they rendered the services to the [client] and to add interest on that amount to the present." *Matter of Continental Illinois Securities Litigation*, 962 F.2d 566, 571 (7th Cir. 1992) (citing *Fleming v. County of Kane*, 898 F.2d 553, 562–65 (7th Cir.1990)). A court may elect to use either of these two methods—current rates or past rates with interest—as acceptable compensation for the delay in payment of fees. *Jenkins*, 491 U.S. at 282–84, 109 S.Ct. at 2468–69; *Continental*, 962 F.2d at 571 (discussing the relative strengths and weaknesses of each approach).

In the case at bar, Smith became entitled to reasonable attorney's fees in October of 1988. There was an inordinate delay before the court entered the judgment in August of 1991. Judgment should have been entered within a reasonable period of time using either the attorney's 1988 rate or a past rate with interest to compensate for the delay until the time of payment. *See Continental*, 962 F.2d at 571 (if a court awards fees in 1990 based on the attorney's 1988 billing rates, then it must account for the two year gap). Due to the significant length of the delay in this case, *cf. Soto v. Adams Elevator Equipment Co.*, 941 F.2d 543, 553 (7th Cir.1991) (the court did not necessarily abuse its discretion by refusing to adjust for inflation when an action is relatively young at the time attorney's fees are determined), we remand this matter to the district court.

The court is instructed to hold a hearing in order to determine the appropriate compensation for the delay in the payment of attorney's fees.[4] To reiterate, the court may use either of the two methods we have described. Using the past rate in 1986 of $150.00 per hour (which the parties have not disputed is a reasonable past rate), interest should be calculated from 1986 until the time the judgment is paid. Alternatively, the court can use the attorney's current rate to account for the delay in payment.

## III. CONCLUSION

The judgment is reversed, and the matter is remanded to the district court for further proceedings consistent with this opinion.

---

**3.** Smith also claims the fee award should be enhanced as a sanction to Maywood for its alleged discovery abuse. We agree with the district court that this argument is meritless. Any additional time spent as a result of Maywood's alleged misconduct should have been accounted for in the total number of hours Smith's attorney submitted.

**4.** Smith also contests the district court's adjustment of the total compensable hours. The district court properly explained the elimination of hours that were related to Smith's unsuccessful claims and committed no error. *See Pressley v. Haeger*, 977 F.2d 295, 298 (7th Cir.1992).