United States Court of Appeals,

Fifth Circuit.

No. 95-60260

Summary Calendar.

James COOPER, Individually and on behalf of all others similarly situated;  Wayne Bowen, Individually and on behalf of all others similarly situated;  James A Plummer, Jr, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants Cross-Appellees,

v.

Daisy PENTECOST, Madison County Jailor, Defendant-Appellee.

Jessie Hopkins, Sheriff of Madison County;  Marc Sharpe, member of the Madison County Board of Supervisors, individually and in his official capacity;  Bob Dowdle, member of the Madison County Board of Supervisors, individually and in his official capacity;  David H Richardson, member of the Madison County Board of Supervisors, individually and in his official capacity;  Karl Banks, member of the Madison County Board of Supervisors, individually and in their official capacity;  J L McCullough, member of the Madison County Board of Supervisors, individually and in his official capacity, Defendants-Appellees Cross-Appellants,

and

John W Watkins, Member of the Board of Corrections, Individually and in his official capacity;  H E Tinin, Member of the Board of Corrections, Individually and in his official capacity;  Arthur W Morton, Member of the Board of Corrections, Mississippi Department of Corrections, Individually and in his official capacity;  Charles Young, Member of the Board of Corrections, Mississippi Department of Corrections, Individually and in his official capacity;  Frank Covington, Member of the Board of Corrections, Mississippi Department of Corrections, Individually and in his official capacity;  Lee J Edwards, Member of the Board of Corrections, Mississippi Department of Corrections, Individually and in his official capacity;  Sarah E Arnold, Member of the Board of Corrections, Mississippi Department of Corrections, Individually and in her official capacity;  Charlie Weeks, Member of the Board of Corrections, Mississippi Department of Corrections, Individually and in his official capacity, Defendants.

March 14, 1996.

Appeals from the United States District Court for the Southern District of Mississippi.

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

This case involves an appeal and cross-appeal of a district court's order awarding attorneys'

fees, pursuant to 42 U.S.C. § 1988.  Finding no reversible error, we affirm.

I

This civil rights case began in 1978, when a group of prison inmates (hereinafter "plaintiffs")

in the Madison County Jail, Madison County, Mississippi, filed a class action lawsuit against Madison County and its officials (hereinafter "Madison County"), pursuant to Title 42 U.S.C. § 1983. The parties reached an interim consent judgment which included a variety of remedial measures and directives aimed at bringing the jail into compliance with the requirements of the United States Constitution.

More than a decade after entry of the final judgment, Madison County filed a motion, pursuant to FED.R.CIV.P. 60(b)(5) and (6), for relief from the consent judgment. After an evidentiary hearing, a magistrate judge entered a memorandum opinion and order on September 28, 1993, denying Madison County's Rule 60(b) motion and finding them in contempt of court for being in continuing violation of the consent judgment. The magistrate judge did not enter a separate judgment in accordance with FED.R.CIV.P. 58.

Thereafter, Madison County moved for permission to take an interlocutory appeal of the magistrate judge's decision. This motion was initially denied. However, after reconsideration, a magistrate judge amended the memorandum opinion and order of September 23, 1993, to provide that interlocutory appeal could be taken. On appeal, this court affirmed the magistrate judge's denial of Madison County's Rule 60(b) motion and the magistrate judge's finding of contempt. *Cooper v. Noble,* 33 F.3d 540, 545 (5th Cir.), *supplemented by,* 41 F.3d 212 (1994).

Following this Court's opinion in *Cooper v. Noble,* the attorneys for the plaintiffs, Ronald Reich Welch, Tara Walker, and Terry Wallace, petitioned for attorneys' fees, pursuant to 42 U.S.C. § 1988(b). Madison County opposed the fee requests on several grounds.[1] The district court, in a detailed memorandum opinion, awarded attorneys' fees to the three attorneys.

The plaintiffs' attorneys filed a timely notice of appeal, and Madison County filed a timely notice of cross-appeal.

II

---

[1]Specifically, Madison County argued that the consent judgment's wording required each party to bear its own costs, that requested fees concerning work occurring before the appeal of the denial of the Rule 60(b) motion were time-barred by S.D.Miss.R. 15 (Local Rule 15), that the hourly rate for the services of Welch and Wallace should be lessened because of their limited roles in the case, and that the duplication of services overstated the total number of hours.

On appeal, the attorneys argue that the district court erred (1) in reducing their hours as duplicative and repetitive, and (2) in failing to enhance their hourly rate or to grant a multiplier. On cross-appeal, Madison County argues that the district court erred in awarding the attorneys their pre-September 1993 attorneys' fees. "On appeal, we review the court's award of attorneys' fees for abuse of discretion and the supporting factual findings for clear error." *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir.1993).

A

Attorneys Walker and Wallace contend that the district court erred in reducing their fees based on the court's belief that, in several instances, the hours the attorneys submitted were duplicative and repetitive.[2] In assessing attorneys' fees, a district court must examine the factors set out in *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974). However, it is not necessary for the court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards. *Cobb v. Miller,* 818 F.2d 1227, 1232 (5th Cir.1987). The fee applicant bears the burden of proving that the number of hours for which compensation is requested is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433, 103 S.Ct. at 1939. Whether the reported hours are repetitive and duplicative is a finding of fact subject to the clearly erroneous standard of review. *Associated Builders & Contractors of LA, Inc. v. Orleans Parish Sch. Bd.,* 919 F.2d 374, 379 (5th Cir.1990).

We conclude that the district court's finding that some of the attorneys' hours were duplicative and repetitive was not clearly erroneous. The district court specifically listed several examples of what it considered duplicative or repetitive work. One such example was that both the attorneys claimed five hours for reviewing a transcript on one day. Then, on the next day, both the

---

[2]The district court reduced the number of hours that Walker and Wallace submitted by approximately fifty percent. The court found that Welch's reasonable attorney's fees were $11,400 (56.25 hours × $150/hour). Walker's reasonable fees, according to the court, were $13,060 (130.6 hours × $100/hour). The court found that Wallace was reasonably entitled to $13,406.25 (107.25 hours × $125/hour).

attorneys claimed six and one-half hours for reviewing the same transcript "with co-counsel."  The district court also found that the attorneys submitted hours for tasks that, in its opinion, should have taken less time to complete.  A specific example that the district court cited was that Wallace had submitted twenty-five hours for preparing a list of areas of non-compliance.  It is the attorneys' duty to provide sufficient documentation of their services, including the division of labor.  In the absence of such evidence, the district court's finding that the attorneys' services were repetitive and duplicative was not clearly erroneous.

B

The district court's award included fees for legal services performed in opposing Madison County's FED.R.CIV.P. 60(b) motion before the magistrate judge in addition to services performed in preparing and defending against Madison County's FED.R.CIV.P. 60(b) appeal.  Madison County argues that fees for services performed before the appeal are time-barred by S.D. Mississippi Local Rule 15.  This local rule provides that "all motions for attorney's fees to be awarded by law as part of the costs of the action, whether provided for by statute or otherwise, shall be served by the prevailing party to whom costs are awarded not later than 30 days after entry of judgment."  The district court concluded that the award of fees for services performed before the filing of the notice of appeal from the Rule 60(b) order was not time-barred by Local Rule 15.  The district court stated that the rule's thirty-day time period did not begin to run until a FED.R.CIV.P. 58 judgment was entered, which never occurred in this case.[3]

Although the Fifth Circuit has never directly addressed this issue, the district court relied on *Whitaker v. City of Houston, Tex.,* 963 F.2d 831 (5th Cir.1992), in holding that the thirty-day time limit for filing a petition for attorneys' fees did not begin to run after the September 1993 memorandum and order in the absence of a Rule 58 judgment.  The *Whitaker* court noted that although a court of appeals can elect to take jurisdiction over an appeal even without a separate Rule

---

[3]FED.R.CIV.P. 58 provides that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." FED.R.CIV.P. 79(a) "requires that all judgments and orders filed in each case be entered on the civil docket kept by the clerk of the district court."  *Silver Star Enters., Inc. v. M/V SARAMACCA,* 19 F.3d 1008, 1012 (5th Cir.1994).

58 judgment, "the absence of a Rule 58 judgment meant that neither the ten days for serving a FED.R.CIV.P. 59 motion nor the thirty days for filing a notice of appeal (from either the district court's dismissal order or its subsequent orders denying post-dismissal motions) started to run." *Id.* at 833. The district court in this case concluded that because there was not a FED.R.CIV.P. 58 judgment following the September memorandum and order, the time limit for petitioning for attorneys' fees for services performed in connection with the memorandum and order did not begin to run.

The Seventh Circuit's decision in *Smith v. Village of Maywood,* 970 F.2d 397 (7th Cir.1992), provides additional support for the conclusion that absent a FED.R.CIV.P. 58 judgment, the time limit for filing a petition for attorneys' fees does not begin to run.[4] Following an order by a court, but absent a Rule 58 judgment, the prevailing party in *Smith* filed his fee petition outside the time limit set by local rule for filing such petitions. The opposing party then argued that the fee petition was time-barred by the local rule. The Seventh Circuit noted that the purpose of the FED.R.CIV.P. 58 requirement was to simplify the determination of the proper time for filing an appeal. The court stated that the same rationale applied to determining the proper time to file a fee petition. *Id.* at 400. Because there was no FED.R.CIV.P. 58 judgment until after the plaintiff filed his petition for fees, the court concluded that "the petition was, at worst, early." *Id.*[5]

Consequently, this case is distinguishable from other Fifth Circuit cases in which we have held that the requirements of Rule 58 should be relaxed where a court order is succinct and precise, indicating a court's intent to take final, dispositive, and adjudicatory action on a matter. *See Ellison v. Conoco, Inc.,* 950 F.2d 1196, 1200-1201 (5th Cir.1992) (noting that "order was "succinct and to the point,' and expressly granted the full relief requested"), *cert. denied,* --- U.S. ----, 113 S.Ct. 3003,

---

[4]*See also Shalala v. Schaefer,* --- U.S. ----, ----, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (holding that because there was no Rule 58 judgment, the time period for filing a petition for attorneys fees under 28 U.S.C. § 2412(d)(1)(B) did not begin to run).

[5]We note that the importance of a Rule 58 judgment is illustrated by this case. When the defendants moved for leave to file an interlocutory appeal of the September 1993 order, the magistrate initially denied it, then granted it, stating that appeal was proper under either 28 U.S.C. § 1292(a)(1) or § 1292(b). If a Rule 58 judgment had been entered, the defendants, as well as the magistrate, would have been on notice of the parties' right to appeal, and the plaintiffs would have been on notice of their need to file a petition for attorneys' fees. The lack of a Rule 58 judgment created confusion over the parties' rights and obligations.

125 L.Ed.2d 695 (1993); *InterFirst Bank Dallas, N.A. v. Federal Deposit Ins. Corp.,* 808 F.2d 1105, 1109 (5th Cir.1987) (noting that order was "a document separately executed and docketed to dispose of a post-trial motion" which both parties treated as a "final appealable order"); *United States v. Perez,* 736 F.2d 236, 237-38 (5th Cir.1984) (noting that one-page order meets the "separate document" requirement of Rule 58 where it is succinct and to the point, and "[t]here is not the slightest indication or claim that anyone understood the matter in any other way ... but as the final dispositive and adjudicatory action of the district court"). Here, the magistrate's order was several pages, and obviously confused both parties and the magistrate as to whether it was a final appealable order. In addition, the order was not a final resolution of the relief requested.

We conclude that because there was no FED.R.CIV.P. 58 judgment following the September memorandum and order, the thirty-day time limit for petitioning for fees earned before September 1993 did not begin to run. Therefore, the attorneys' fee petition was not barred by Local Rule 15.[6]

C

The attorneys argue that the district court erred in denying their request for a five dollar enhancer of their hourly rate, based on the undesirability of the case. They also argue that the court should have multiplied their hourly rate by two as punishment for Madison County's failure to comply with the 1981 consent judgment.

It is appropriate for a court to enhance the lodestar amount only in certain exceptional cases where the prevailing party demonstrates that the enhancement is necessary to make the lodestar reasonable. *Watkins,* 7 F.3d at 459; *Von Clark v. Butler,* 916 F.2d 255, 260 (5th Cir.1990). The district court did not abuse its discretion in deciding not to enhance the attorneys' award in this case. The court considered the undesirability of the case as one of the *Johnson* factors the court used in calculating the lodestar. Furthermore, the court concluded that despite any general negative stigma associated with prisoner cases, the attorneys did not demonstrate that they were subjected to

---

[6]Although parties can waive the requirement of a Rule 58 judgment, *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 387-88, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978), the parties here did not waive this requirement; the plaintiffs opposed Madison County's motion for leave to file a permissive interlocutory appeal, under 28 U.S.C. § 1292(b).

"oppressive, unpleasant, or intimidating conditions" that would have supported an enhancement.

In rejecting the attorneys' request for a multiplier, the court concluded that there was no authority to support such relief and that the case did not justify punitive compensation. It is questionable whether a district court may multiply an award of attorneys' fees as punishment under § 1988. *Cf. Hutto v. Finney,* 437 U.S. 678, 691-92, 98 S.Ct. 2565, 2574, 57 L.Ed.2d 522 (1978) (upholding attorneys' fees awarded as a result of party's bad faith failure to cure constitutional violations identified earlier by district court). However, even if a punishment multiplier is permissible, the attorneys were not pursuing noncompliance with the 1981 consent judgment when Madison County brought the Rule 60(b) motion. Therefore, the district court did not abuse its discretion in refusing to award the multiplier.

### III

For the foregoing reasons, we AFFIRM.