**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

Nos. 95-40874, 95-40889,
95-40910, 96-40333, 96-40451

Summary Calendar

---

OSCAR GUERRA,

Plaintiff-Appellant,

VERSUS

CELANESE CORP.; CELANESE CHEMICAL CO; ARTHUR BROTHERS INC.,

Defendants-Appellees.

ISRAEL TREVINO,

Plaintiff-Appellant,

VERSUS

CELANESE CORPORATION; CELANESE CHEMICAL; ARTHUR BROTHERS INC.,

Defendants-Appellees.

EUGENIO MIRELES; BARTOLO MENDIOLA; ISRAEL TREVINO;
FRANCISCO GONZALES,

Plaintiffs-Appellants,

VERSUS

ARTHUR BROTHERS INC.,

                                             Defendant-Appellee.

       EUGENIO MIRELES; BARTOLO MENDIOLA; ISRAEL TREVINO;
                    FRANCISCO GONZALES,

                                          Plaintiffs-Appellants,

                            VERSUS

                   ARTHUR BROTHERS INC.,

                                             Defendant-Appellee.

                        OSCAR GUERRA,

                                          Plaintiff-Appellant,

                            VERSUS

CELANESE CORPORATION; CELANESE CHEMICAL CO; ARTHUR BROTHERS INC.,

                                          Defendants-Appellees.

            Appeal from the United States District Court
              For the Southern District of Texas

                         (C-80-CV-115)

                       August 14, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

       The Appellants, Oscar Guerra, Israel Trevino, Eulogio Mireles,

Bartolo Mendiola, and Francisco Gonzales, filed suit against the

Appellees for employment discrimination under Title VII (42 U.S.C.

---

       [*]  Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

                              2

§ 2000e-5(f)(3)).  Following settlement of their dispute, the Appellants sought an award of attorneys' fees pursuant to 42 U.S.C. § 1988.  The district court denied the Appellants' motion for attorney fees.  We affirm in part, and reverse and remand in part.

**FACTS AND PROCEEDINGS BELOW**

Five Mexican-American plaintiffs brought three civil rights actions to complain of discriminatory employment practices at a Celanese Corporation ("Celanese") chemical plant in Bishop, Texas.  Appellants were employed by Arthur Brothers, Inc. ("ABI"), a contracting firm that provided maintenance and operating employees at Celanese.  Appellants alleged that Celanese and ABI denied them and other Mexican-American workers an equal opportunity to compete with Anglos for the preferred jobs at Celanese, leaving Mexican Americans behind at ABI in disproportionate numbers while the contractor's Anglo employees were being promoted to steady employment at Celanese.

1. Mireles

In 1975 Mireles, Mendiola, Trevino and Gonzalez (referred to collectively as "Mireles") filed charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC").  Mireles claimed that ABI had discriminated against him on the basis of his Mexican national origin.  After receiving his right to sue letter, he filed a class action complaint on October 28, 1976 against ABI.  During the course of discovery, he obtained

information that indicated substantial involvement by Celanese managers and supervisors in decisions affecting employment with ABI and with opportunities to compete for job openings at Celanese. Mireles moved to join Celanese as a defendant. The district court never ruled on that motion. Mireles later moved to file an amended complaint naming Celanese as a defendant. That motion was granted, but no amended complaint was ever filed. However, Celanese subsequently filed pleadings in the Mireles case referring to itself as "defendant Celanese" and seeking various forms of relief from the court. Celanese eventually entered into agreements, pursuant to which it paid the Mireles plaintiffs $24,000 in return for release from liability in the Mireles litigation. The release expressly excluded any claims for attorneys' fees and costs of the litigation.

The district court denied Mireles's motion for attorney fees based on a finding that Celanese was not a party to that case.

2. Trevino

Israel Trevino, while remaining a party to the Mireles litigation, filed a new charge with the EEOC in 1979, alleging Celanese and ABI were jointly responsible as employers for the discriminatory practices at the Bishop plant. Trevino then filed a Title VII action against both Celanese and ABI on April 30, 1980. The district court denied class certification, granted summary judgment against Trevino and awarded $24,541 in fees to the defendants on the ground that the case was frivolous. The fee

4

award was entered against Trevino and his counsel, Texas Rural Legal Aid, Inc. ("TRLA"). In 1981, TRLA withdrew as attorney for Trevino because he had become ineligible for their services under the provisions of 45 C.F.R. § 1611.9 and private counsel was substituted. On appeal, this court vacated the orders and remanded the case with instructions to consider the joint-employer theory argued by Trevino. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983). In April 1992, ABI settled all claims with all plaintiffs in the three related suits, including attorneys' fees.

In February 1993, the district court held a hearing on the 1983 remand, but entered no order. In October 1993, Celanese settled with Trevino and the district court dismissed his case in December 1993. The agreement expressly waived any claim Trevino had to an attorney fee award against Celanese. TRLA takes the position that they remained a party to the Trevino case after private counsel substituted in their stead due to the subsequently reversed attorney fee award against them, and that the dismissal was not final because they did not receive notice of Trevino and Celanese settlement.

The district court denied attorney fees in *Trevino*, finding that it did not have jurisdiction to reopen the case which had been closed more than two years earlier.

3. Guerra

Guerra filed his EEOC charges in February 1978 and his Title

5

VII and § 1981 actions in 1980 against both ABI and Celanese. The *Guerra* case otherwise shares its procedural history with *Mireles*. Guerra's ABI claims were settled in 1992 and his Celanese claims were settled in 1994 for $12,500.

The district court denied attorney fees, finding that Guerra was not a prevailing party.

## DISCUSSION

1. Standard of review.

On appeal, this Court reviews the district court's ruling on a request for attorneys' fees authorized by statute for abuse of discretion, and the supporting factual findings are reviewed for clear error. *Cooper v. Pentecost*, 77 F.3d 829, 831 (5th Cir. 1996), quoting, *Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). We review conclusions of law underlying a denial of attorneys' fees *de novo*. *Texas Food Indus. Assoc. v. United States Dep't of Agric.*, 81 F.3d 578, 580 (5th Cir. 1996).

2. Guerra's prevailing party status.

We turn first to the district court's ruling that Appellant Guerra was not a prevailing party. We hold the district court erred. The United States Supreme Court in *Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992), clearly set forth the requirement for a plaintiff to be a "prevailing party"

under 42 U.S.C. § 1988.  The *Farrar* Court stated that "to qualify as a prevailing party, a civil rights plaintiff must obtain at least <u>some relief</u> on the merits of his claim.  The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or <u>settlement</u>."  *Id*. 506 U.S. at 111, 113 S. Ct. at 573 (citations omitted)(emphasis added).  Further, the Court stated that "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay" and, therefore, such a plaintiff is a "prevailing party" for purposes of attorneys' fees under 42 U.S.C. § 1988.  *Id*. 506 U.S. at 113, 113 S. Ct. at 574.

In the instant case, Celanese paid Guerra $12,500 in settlement of Guerra's claim.  According to the dictates of *Farrar*, the judgment of the district court in finding that Guerra was not a "prevailing party" must be reversed.  On remand, the district court should determine a reasonable attorney for this case, by e.g., calculating the lodestar (reasonable number of hours times reasonable hourly rate) then applying the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and adjusting the lodestar upward or downward if appropriate.  *See Riley v. Jackson, Mississippi*, 99 F.3d 757, 760

7

(5th Cir. 1996).[1]

3. District court jurisdiction to award fees in *Trevino*.

The district court held that it had no authority to award attorney fees in *Trevino* because the order of dismissal was entered more than two years prior to TRLA's motion for attorney fees and there was no basis alleged by TRLA for the district court to exercise jurisdiction over *Trevino* in 1996. We agree. Appellants advance no arguable basis for district court jurisdiction over the *Trevino* case in 1996. Seeing none ourselves, we affirm.

4.   Was Celanese subject to the district court's jurisdiction in *Mireles*?

The district court declined to award attorney fees in *Mireles* because it found that Celanese was not a party to that case. Celanese contends that Mireles's complaint did not state a cause of action against Celanese and that such complaint was never properly served on Celanese. However, Celanese waived these defenses. Rule 12, FED.R.CIV.P., provides:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

---

[1]A "reasonable" fee for a prevailing party under the circumstances of a particular case may be a low fee or no fee, *Farrar*, 506 U.S. at 115, 113 S.Ct. at 575, in which case the district court need not recite each of the *Johnson* factors or even do the lodestar calculations. *Id.* We express no opinion as to what a reasonable fee might be in these cases.

The record in *Mireles* reveals no motion pursuant to Rule 12 or objection in a responsive pleading after Mireles attempted to join Celanese as a party to the case. In fact, Celanese filed pleadings in the case referring to itself as a defendant and entered a settlement agreement with Mireles in satisfaction of Mireles's claims asserted in the case, which expressly reserved the attorney fee issue. We therefore find that Celanese waived the argument that it was not a party to the suit. Further, it is clear under *Farrar* that Mireles, like Guerra, met the criteria for establishing that he was a prevailing party in the suit. *Farrar*, 506 U.S. at 111, 113 S. Ct. at 573. We therefore reverse the denial of attorney fees in this case as well and remand for a determination of the appropriate amount of fees.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of attorney fees in *Trevino*, 95-40889, and reverse the denial of attorney fees in *Guerra,* 95-40874 and 96-40451 and *Mireles*, 95-40910 and 96-40333. We REMAND *Guerra* and *Mireles* for the district court to determine a reasonable amount of attorney fees.