UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30099
No. 98-30390
Summary Calendar

_____

OLIVER JACKSON,

Plaintiff-Appellant,

versus

AMITE CITY, a political subdivision of the State
of Louisiana; BUDDY BEL, Individually and in his
official capacity of Aldermen; SAMUEL C. HYDE,
Individually and in his official capacity of Aldermen;
H. LEE SCHILLING, JR., Individually and in his
official capacity of Aldermen, City of Amite;
PARKER C. GABRIEL, Individually and in his official
capacity of Chief of Police, City of Amite;
MICHAEL FOSTER, Individually and in his
capacity of Captain, Amite Police Department;
CHRIS GALMON, Individually and in his official
capacity of Police Officers, Amite Police Department;
JASON JOHNSON, Individually and in his official
capacity of Police Officers, Amite Police Department;
KENNER HARRELL, Individually and in his official
capacity of Police Officers, Amite Police Department,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-14-D

_____

January 28, 1999

Before KING, Chief Judge, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent

Appellant Oliver Jackson appeals a summary judgment and an attorney's fees award, both of which are adverse to him. We **AFFIRM**.

I.

Jackson was employed as a police officer with Amite City, Louisiana. In June 1996, Jamie Hawthorne, Jackson's "step-cousin", took an automobile to be repaired; the vehicle was registered to Jackson but used by Jackson's daughter. Jackson issued an "All Points Bulletin" for Hawthorne when he failed to return with the car. Later that night, Jackson was notified that Hawthorne had been located.

When Jackson arrived, Hawthorne was seated in a patrol car. Three police officers and two civilians present at the scene gave written statements that, when Jackson arrived, he took Hawthorne from the car, slapped him several times, and then kicked him into Jackson's patrol car. Hawthorne subsequently stated to police officers that Jackson had hit and kicked him. (Later, after making these accusations against Jackson on more than one occasion, Hawthorne recanted.)

Based on this information, Police Chief Gabriel suspended Jackson and informed him that he (Gabriel) would recommend Jackson's termination at the next Board of Aldermen meeting. At the open meeting, the Aldermen voted to terminate Jackson.

---

except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Subsequently, Jackson filed this action, claiming that his termination violated his First Amendment rights and his rights under Louisiana law, and that Officers and Aldermen had engaged in a conspiracy to deprive him of his civil rights because he had spoken out on matters of public concern. In a comprehensive opinion, the district court granted summary judgment to Appellees, holding: (1) Jackson had not presented evidence to show a nexus between his claimed protected speech and his termination; (2) Jackson did not produce sufficient evidence to support his state law claims; (3) there could be no civil conspiracy because there was no evidence that Jackson's rights were violated; and (4) Jackson failed to present evidence to support his claim against the City.

After judgment was entered in their favor, Appellees moved successfully for attorney's fees and costs. The district court awarded $29,412.18 ($27,812 in fees and $1,600.18 in costs; the latter are not challenged on appeal).

II.

A.

Jackson does not challenge the summary judgment with respect to his state law claims. Accordingly, those claims are deemed abandoned. FED. R. APP. P. 28(a)(4); *e.g., **Hidden Oaks Ltd. v. City of Austin***, 138 F.3d 1036, 1045 (5th Cir. 1998); ***In re T-H New Orleans Limited Partnership***, 116 F.3d 790, 796 (5th Cir. 1997).

A summary judgment is reviewed *de novo*.  *E.g., **Burns v. Harris County Bail Bond Board***, 139 F.3d 513, 517 (5th Cir. 1998).  "Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment or partial judgment as a matter of law."  *Id*; FED. R. CIV. P. 56.

As in district court, Jackson fails to point to evidence linking his claimed protected speech to his termination.  Needless to say, mere general allegations are insufficient to withstand summary judgment. *See **Boze v. Branstetter***, 912 F.2d 801, 807 (5th Cir. 1990); ***Alizadeh v. Safeway Stores, Inc.***, 802 F.2d 111, 113 (5th Cir. 1986); ***In re Municipal Bond Reporting Antitrust Litigation***, 672 F.2d 436, 443 (5th Cir. 1982).  Having reviewed the briefs and the record, there is no support for Jackson's claims of a violation of his civil rights or of a conspiracy to violate them.  Restated, there is no material fact issue and Appellees are entitled to a judgment as a matter of law.  Therefore, summary judgment was proper.

## B.

Jackson also challenges the award of attorney's fees.  Appellees' motion to strike the appeal from this order is **DENIED**. *See **Budinich v. Becton Dickinson and Co.***,486 U.S. 196 (1988).

Pursuant to a well-reasoned opinion, fees were awarded pursuant to 42 U.S.C. § 1988(b).  We review the decision to award

4

such fees for abuse of discretion; the factual findings, for clear error.  *E.g, **Cooper v. Pentecost***, 77 F.3d 829, 831 (5th Cir. 1996).

1.

Jackson first bases error on the claim that his action was well-founded and not frivolous.  As discussed *supra* in part II. A., and pursuant to our review of the record, we find no abuse of discretion.  *See **Hughes v. Rowe***, 449 U.S. 5, 14-15 (1980).

2.

Jackson also maintains that the district court did not adequately examine the well-known fee-setting factors from ***Johnson v. Georgia Highway Exp., Inc.***, 488 F.2d 714, 717-19 (5th Cir. 1974), in determining the fee amount.  He asserts also that the awarded fee was too high.

The district court, albeit in brief fashion, explained adequately its reasons for the award, including that it had applied the ***Johnson*** factors.  Again, we find no abuse of discretion. Jackson falls far short of even beginning to show otherwise.

III.

Accordingly, for the reasons above stated, the summary judgment and the order awarding Appellees' attorney's fees and costs against Jackson are

***AFFIRMED.***