**Cohen v. Brown Univ. et al.**          **CV-99-485-B**    **12/05/01**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**Amy Cohen, et al.**</u>

    **v.**                                            Civil No. 99-485-B
                                             Opinion No. 2001 DNH 216
<u>**Brown University, et al.**</u>


<u>**MEMORANDUM AND ORDER**</u>

I have before me plaintiffs' partial objection [document no. 18] to the August 10, 2001 Report and Recommendation of Magistrate Judge David L. Martin [document no. 17], which, pursuant to 28 U.S.C. § 636(b)(1)(B), proposes to dispose of plaintiff's renewed motion for costs and attorneys' fees [document no. 15]. The Report and Recommendation contains an overview of this litigation, as well as an admirably thorough analysis of the parties' dispute over attorney's fees and costs. I review the Report and Recommendation <u>de novo</u>. <u>See</u> Fed. R. Civ. P. 72(b).

Plaintiffs advance two principle objections to the reasoning underlying the Report and Recommendation. First, while endorsing the Magistrate Judge's use of the lodestar method to calculate

their fee award, plaintiffs take issue with his decision to apply current billing rates rather than using historic rates plus interest, to compensate them for the delay in payment. Second, plaintiffs assert that the Magistrate Judge improperly refused to award them certain litigation expenses recoverable under 42 U.S.C. § 1988. I address each point in turn.

### I.  Use of Current Rates to Compensate for Delay

I reject plaintiffs' claim that the proposed fee award is unreasonable because the use of current billing rates fails to adequately compensate them for the delay in payment. Ordinarily, a court may adjust a fee award to account for delay by using either historic rates plus interest or current rates. See Missouri v. Jenkins, 491 U.S. 274, 283-84 (1989) ("We agree therefore that an appropriate adjustment for delay in payment - whether by application of current rather than historic hourly rates or otherwise - is within the contemplation of the statute."); see also Smith v. Village of Maywood, 17 F.3d 219, 221 (7th Cir. 1994).

In the present case, the Magistrate Judge made an unchallenged finding that he would have to determine as many as

27 different historic rates to reliably apply the historic rates plus interest approach. See Cohen v. Brown Univ., N.H. Civ. Action No. 99-485-B, R.I. Civil Action No. 92-197, at 79 (D.R.I. Aug. 10, 2001) ("Report and Recommendation"). Determining these rates and identifying and applying interest rates to them that would accurately capture the effects of inflation and the lost time-value of money would be a difficult undertaking that would require substantial additional evidence.[1] In other words, if I were to recalculate the fee award using the historic rates plus interest approach suggested by the plaintiffs, I would have to further complicate this already time-consuming and expensive litigation in a way that is contrary to the settled principle that scarce judicial resources should be sparingly employed in attorney's-fee disputes. See, e.g., Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 121 S. Ct. 1835, 1843 (2001). Because I agree with the Magistrate Judge's ultimate conclusion that the total fee award

---

[1] Plaintiffs claim that the use of an historic rates plus interest approach would increase the total fee award by 30%. This is true, however, only if I accept the historic billing rates and interest rates that plaintiffs used in making their calculation.

arrived at through the use of current billing rates is reasonable and adequately compensates plaintiffs for the effect of delay, I decline to recalculate the fee award using an historic rates plus interest approach.[2]


## II.  Litigation Expenses

I agree with plaintiffs that the Magistrate Judge erred in

---

[2]  Plaintiffs make an alternative argument that, even if I endorse the Magistrate Judge's use of current rates to compensate for payment delay, I should adjust upward the current rates used in calculating the fees owed Washington, D.C., attorneys Bryant and Brueckner.  While I question the manner in which the Magistrate Judge determined the current rates of compensation applicable in Washington, D.C., to attorneys with the experience and skills of attorneys Bryant and Brueckner, I have even greater reservations concerning the appropriateness of the Magistrate Judge's decision to compensate attorneys Bryant and Brueckner on the basis of Washington, D.C., billing rates.  Attorney Labinger is a highly skilled Rhode Island civil rights lawyer who was well qualified to represent the interests of the plaintiffs in this litigation.  Notwithstanding her protestations to the contrary, it is by no means apparent that she required direction from out-of-state counsel to prosecute this case.

If plaintiffs intend to press their claim for an upward adjustment of their Washington, D.C., rates, they shall file a memorandum on or before December 15, 2001, explaining why I should allow their out-of-state counsel to be compensated at prevailing rates in Washington, D.C., rather than in Rhode Island.  If I determine that out-of-state counsel should be compensated at their Washington, D.C., rates, I will then determine if the rates proposed by the Magistrate Judge should be adjusted upwards.

excluding the litigation-related expenses noted at pages 109-19 of the Report and Recommendation. The Supreme Court has held that expenses incurred in the creation of attorney work product and traditionally billed as a part of the fee charged to the client are recoverable under 42 U.S.C. § 1988. See Jenks, 491 U.S. at 285-89. The Supreme Court did not backtrack from this position in West Virginia Univ. Hospitals, Inc. v. Casey, 499 U.S. 83 (1991). Rather, in distinguishing Jenkins, the Court simply held that expert fees cannot properly be characterized as a recoverable litigation expense because such fees were not traditionally made a part of the attorney fee charged to the client. See Casey, 499 U.S. at 99-100. Thus, so long as the expenses sought were incurred in the creation of attorney work product and are of a type traditionally made part of the fee charged to the client (and defendants do not dispute that the expenses at issue should be so categorized), they are recoverable, notwithstanding Casey. See, e.g., Brown v. Gray, 227 F.3d 1278, 1297-98 (10th Cir. 2000); LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998); Abrams v. Lightolier Inc., 50 F.3d 1204, 1225-26 (3d Cir. 1995).

Because the Magistrate Judge regarded the legal issue as close, he made alternative recommended findings as to the amount of expenses plaintiffs should be entitled to recover should I disagree with him. See Report and Recommendation at nn. 55, 59, 60, 61, & 63. So too did he express an intention that plaintiffs be awarded interest on these expenses. Id. at n.64.[3] Defendants have not objected to the merits of these alternative findings or presented me with a developed argument that plaintiffs are not entitled to interest on the expenses. Nor do I detect error in the Magistrate Judge's conclusions. Accordingly, I accept the Magistrate Judge's recommended alternative findings as well as his recommendation that interest (at the prime rate and compounded annually) be awarded on the expenses at issue.

## III. Conclusion

As set forth in footnote 2, an open issue remains. Should plaintiffs withdraw their objection to the billing rates the Magistrate Judge used in calculating the fees owed attorneys

---

[3] The Magistrate Judge did not specify how interest was to be calculated, but it is fair to infer that he accepted plaintiffs' argument that interest should be awarded at the prime rate and compounded annually.

Bryant and Brueckner, however, this issue will be moot and this matter can proceed to final judgment. Thus, in the event plaintiffs withdraw their objection, I direct counsel to confer and to submit a jointly-authored proposed final judgment consistent with the Magistrate Judge's Report and Recommendation, as modified by this opinion.[4]

For the foregoing reasons, I accept Magistrate Judge Martin's August 10, 2001 Report and Recommendation [document no. 17], as modified in section II of this Memorandum and Order. I also commend the Magistrate Judge for a job well done.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

December 5, 2001
cc: Beverly Ledbetter, Esq.
    Julius Michaelson, Esq.
    Sandra Duggan, Esq.
    Arthur Bryant, Esq.
    Lynette Labinger, Esq.
    Raymond Marcuccio, Esq.
    Amato DeLuca, Esq.
    Clerk, USDC-RI

---

[4] In doing so, counsel can of course reserve their right to appeal any aspect of this Memorandum and Order with which they disagree.