LEMMON, Judge.
This is an appeal by a surety from the dismissal of its suit against its principal for indemnification of attorney’s fees incurred as a result of a creditor’s execution of the surety bond.
In March, 1972 the principal, a Louisiana general contractor, and the surety entered into a Contractors’ Blanket Sales, Use and Income Tax Bond, which fulfilled the requirements of the State of Mississippi as to sales and use taxes in connection with two construction projects in that state. The bond contained the following provision:
“2. We will perform all the conditions of such bonds and indemnify the Company against any and all liability, loss, costs, damages, fees of attorneys and other expenses which the Company may sustain or incur in consequence of the execution of such bonds or any renewal or successor thereof, including but not limited to, sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits, or judgments under any such bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability,' or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid.” (Emphasis supplied)
When the property involved in the construction project was sold in December, 1973, the Mississippi State Tax Commission had filed several tax liens against the principal, and part of the sale proceeds were retained in an escrow account by the princi *563 pal’s attorney to cover any tax liability. On March 12, 1974, when nothing had been done to satisfy the liens or to protest them, the Commission attempted to execute against the principal, but the return was marked nulla bona. The Commission then caused a distress warrant to issue against the surety’s assets.
Fearful that its license to do business in Mississippi was in jeopardy, the surety immediately contacted its local counsel in Louisiana, where the bond had been executed. The local attorney then contacted the Commission, who granted him a few days to clear the matter, and also employed counsel in Jackson, Mississippi to coordinate with the Commission and to follow the situation there.
A complete review of the file by the local attorney revealed the existence of the escrow account and the principal’s intention to seek a judicial determination of the liability asserted in the liens. However, the tax assessment had never been formally protested, and no judicial determination had ever been formally requested.
Mississippi counsel for the surety also reviewed the file, the Commission’s assessments, and the applicable tax statutes. In early April he conferred with the Commission’s attorney and obtained assurance that no demand would be made on the surety’s bond until there was a determination whether the escrow account could be used to satisfy the liens.
On May 16, 1974 judgment was rendered in the garnishment proceedings, ordering the garnishee to release the funds in satisfaction of the liens. Thereafter, the garnishee filed in the garnishment proceedings an amended answer and a motion to set aside the judgment, asserting that the principal might have grounds to contest the garnishment. The principal never pursued this contest, but instead made several trips to Jackson for informal discussions with the Commission’s attorney. He testified that these discussions accomplished nothing, and in late July he instructed the garnishee to release the funds in payment of the tax.
In defending this suit, the principal took the position that it was unnecessary for the surety to incur attorney’s fees. We disagree. When the principal did not pay the assessments and did not formally protest them, but apparently ignored them, the surety was subject to liability on its bond. And when the distress warrant was issued, the surety reasonably and in good faith decided to employ counsel to protect its interest. Therefore, the principal is liable under the contract for the reasonable fees thus incurred.
The extent of the services and the amount of the fees are not in substantial dispute. The Louisiana attorney spent six hours on the case, almost all of which was before the Commission’s commitment to defer execution of the surety’s assets pending garnishment of the escrow account. His fee was $300.00, plus $13.39 in telephone costs. The Mississippi attorney’s efforts were not as well documented or itemized as to the amount of time expended, but the evidence did establish that most of the work was also performed prior to the Commissions’ commitment. Additional efforts were apparently required in overseeing the garnishment proceedings and the principal’s resistance efforts therein, while maintaining contact with the Commission.[1] That bill was $600.00, plus expenses of $16.56.
The exigencies of the situation probably required considerable duplication of effort. However, the surety’s Louisiana officer was reasonable in employing counsel where the bond was written and the principal was domiciled. That attorney was reasonable in employing Mississippi counsel where the Commission was located and the garnishment proceedings were conducted. And all of these efforts were necessitated by the principal’s lack of timely action after the assessments were filed.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that *564 judgment be rendered in the amount of $929.95, with interest from August 29, 1974, the date payment was due, until paid, and all court costs.
REVERSED AND RENDERED.

. Although not pertinent to this claim, we mention that the surety’s attorneys persuaded the Commission to waive its claim to a $2,000.00 penalty.