United States Court of Appeals,

Fifth Circuit.

No. 96-60197

Summary Calendar.

John J. RILEY, American Family Radio, a division of American Family Association, Inc., and USA Radio Network, Inc., Plaintiffs-Appellants,

v.

CITY OF JACKSON, MISSISSIPPI, Jimmy L. Wilson, Chief of Police, and Gwen Harmon, Public Information Officer, Defendants-Appellees.

Nov. 19, 1996.

Appeal from the United States District Court for the Southern District of Mississippi.

Before JONES, DeMOSS and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Following settlement of the Appellants civil rights cause of action brought against the Appellees under 42 U.S.C. § 1983, the district court, pursuant to 42 U.S.C. § 1988, awarded Appellants $2,829.87 in attorneys' fees on a fee application requesting over $86,000. The Appellants appealed the district court's award. Finding that the district court abused its discretion, we reverse and remand, instructing the lower court in redetermining its award of attorneys' fees to consider the lodestar factors enunciated by this Court in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).

*FACTUAL BACKGROUND*

This civil rights action arises from the Operation Rescue activities staged in Jackson, Mississippi between July 9 and July 18, 1993. In preparation for the event, the City of Jackson Police Department ("Police Department") developed security measures including certain guidelines and policies directed at persons working for the news media. The policy required media personnel to cooperate with the police and to refrain from impeding access to a private driveway leading to the clinic. The Police Department also conducted briefings on the guidelines. To accommodate media personnel, the police issued to media persons badges and identifiable armbands so that they could

move in and out of restricted areas. According to the Jackson Police Department, Appellant John J. Riley ("Riley") was given a media badge and armband and participated in the briefings. Riley denied he was informed of the policy. According to the Police Department, Riley engaged in conduct which impeded police security by jumping the police barricades and badgering clinic personnel. Because of Riley's actions, Gwen Harmon, the Public Information Officer for the City of Jackson, confiscated Riley's badge and armband. Riley, through his attorneys, attempted to regain his press credentials from Chief of Police Jimmy Wilson, but to no avail.

On October 6, 1993, the Appellants filed this action against the City of Jackson, Chief Wilson, and Gwen Harmon, alleging that their First Amendment free speech and press rights and Fourteenth Amendment procedural due process rights had been violated.[1] After the district court denied Appellees' dispositive motions, the parties preliminarily began to discuss the possibility of settlement. Eventually, the parties agreed to settle the merits of the case by entering into a Stipulated Judgment in favor of Appellants, stating that they have judgment against the Appellees, that Riley be awarded nominal damages, and that Appellants were "prevailing parties" under 42 U.S.C. § 1988. Further, the Judgment provided that the media policies or guidelines for the Operation Rescue event were violative of the First and Fourteenth Amendments, both on their face and as applied to Appellants, and that the City of Jackson would be enjoined from enforcing the above referenced media policies and guidelines.

Thereafter, the Appellants filed a motion for attorneys' fees under 42 U.S.C. § 1988 seeking $86,377.00 in fees and expenses. The Appellees objected to the amount requested. In its "Memorandum Opinion and Order" granting an award of fees and expenses, the district court concluded that Appellants fell short of their goal to establish that the Appellees were under a duty to provide Riley a due process hearing before confiscating his credentials. The district court's rationale was based on the fact that Appellants only received nominal damages and no other damages or

---

[1] In their prayer, the Appellants sought declaratory relief asking the district court to hold that Harmon's actions were unconstitutional, that an injunction should be issued precluding the City of Jackson from revoking press credentials without notice and an opportunity to be heard, and that the Appellants were entitled to compensatory damages, punitive damages, costs, and attorney fees.

injunctive relief which would benefit them at the time the Stipulated Judgment was entered, and that it was doubtful they established any meaningful precedent. Therefore, according to the district court, Appellants achieved only limited success in this case. Based on this finding, the district court held that the Appellants' victory was not so great to merit an award of over $84,000 in attorneys' fees, and awarded Appellants $2,500.00 in fees.[2] The district court based its ruling on the Supreme Court's decision in *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), concluding that the amount and nature of the damages awarded did not require it to recite the 12 factors bearing on reasonableness or to multiply the number of hours reasonably expended by a reasonable hourly rate.

## *DISCUSSION*

On appeal, this Court reviews the district court's award of attorneys' fees authorized by statute for abuse of discretion, and the supporting factual findings are reviewed for clear error. *Cooper v. Pentecost,* 77 F.3d 829, 831 (5th Cir.1996), *quoting, Watkins v. Fordice,* 7 F.3d 453 (5th Cir.1993). We review the conclusions of law underlying a denial of attorney's fees *de novo. Texas Food Indus. Ass'n v. United States Dep't of Agric.,* 81 F.3d 578, 580 (5th Cir.1996).

The district court's reliance on *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), in determining the fees to be awarded under § 1988 in this case is misplaced. Furthermore, we do not believe that *Farrar* counsels against an award of fees in this case. In *Farrar,* a civil rights action brought under 42 U.S.C. § 1983, the plaintiff sought $17 million in damages. The jury found that his civil rights had been violated, and on appeal this Court awarded him $1 in nominal damages but denied his award of attorneys' fees. In affirming the denial of the award of attorneys' fees under § 1988, the Supreme Court determined that the nominal award the plaintiff received was a mere "technical victory" which the Court ruled merited no award of fees since he failed to prove an essential element of his claim for monetary relief. However, *Farrar* is illustrative of cases where the plaintiff sought only money damages and was essentially unsuccessful since he did not achieve in

---

[2]In addition, the district court determined that several instances of duplication of time existed, that travel time existed but did not determine how much was compensable, and that the $9,500 requested for preparation of the fee application lacked credibility. Finally, the district court denied Appellants their request for $2,057 in costs and awarded them only $329.76.

any way the ultimate goal of the litigation.[3] We do not have such a case before us today. In the case *sub judice,* the Appellants achieved more than the type of "technical victory" won by the plaintiff in *Farrar.* The Appellants here requested first and foremost injunctive relief and secondarily monetary damages and were, for the most part, successful in obtaining the relief they sought. The Appellants obtained, in addition to the nominal damages, injunctive relief by way of a change in the Appellees' conduct that redressed the Appellants' grievances, thus altering the legal relationship between the parties. Even if Appellants received only nominal relief, as noted by Justice O'Connor's concurrence, "nominal relief does not necessarily a nominal victory make." *Farrar,* 506 U.S. at 121, 113 S.Ct. at 578. Thus, in many instances, a nominal recovery may very well not derogate from the importance of the victory. Accordingly, we conclude that in this case *Farrar* is not controlling. Therefore, with this in mind, we now turn to the analysis the district court must follow in this circuit in making its fee award determination.

This Circuit uses the "lodestar method" to calculate attorneys' fees. Thus, in assessing attorneys' fees, this Court has stated that the district court must examine the factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *Cobb v. Miller,* 818 F.2d 1227, 1232 (5th Cir.1987). The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The determination of whether the applicant's reported hours are repetitive and duplicative is a finding of fact by the district court and will not be disturbed unless clearly erroneous. *Cooper v. Pentecost,* 77 F.3d 829 (5th Cir.1996). The "district court's *Johnson* analysis, however, need not be meticulously detailed to survive appellate review", but it must articulate and clearly apply the *Johnson* criteria. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 331 (5th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995). If the *Johnson* factors are not evaluated and explained by the district court with a reasonable degree of specificity in making its fee award determination, the case will be remanded, if necessary,

---

[3]*See e.g.,* Akhil Reed Amar, *Fourth Amendment First Principles,* 107 HARV.L.REV. 757, 819 n. 218 (1994).

for an explanation to facilitate appellate review. *Davis v. City of Abbeville,* 633 F.2d 1161, 1163 (5th Cir.1981). Once the lodestar is computed by multiplying the reasonable number of hours by a reasonable hourly rate, the district court may adjust the lodestar upward or downward depending on its analysis of the twelve factors espoused in *Johnson. Louisiana Power & Light Co.,* 50 F.3d at 324; *United States Leather, Inc. v. H & W Partnership,* 60 F.3d 222, 229 (5th Cir.1995) (district court has the sound discretion to reduce the amount of an attorneys' fee award, however, this discretion is limited by *Johnson* ).

A review of the district court's decision awarding the Appellants a token amount of attorneys' fees discloses that the court bypassed considering each of the factors enunciated in *Johnson.* Nor did the district court make any attempt to determine a reasonable number of hours or a reasonable hourly fee for each of the Appellants' attorneys involved in this case. Consequently, we find the district court erred in avoiding this analysis. Instead, the district court criticized the injunctive relief Appellants obtained as legally insignificant and not setting meaningful precedent, thereby setting the stage for the low attorneys' fees award. We agree, however, with the district court's findings that some of the attorneys' fees were repetitive and duplicative; in particular, the "intraoffice conferences" noted by the district court demonstrates duplication of attorneys' time charges. In addition, we agree that the $9,500.00 requested to prepare the fee application is excessive, but at the same time, it is compensable. *See Cruz v. Hauck,* 762 F.2d 1230, 1233-35 (5th Cir.1985). Further, the district court's fee award does not disclose whether it included an amount for travel time incurred by the Appellants. Accordingly, we remand to the district court to consider *Johnson* and to evaluate and explain each factor in determining an appropriate award of attorneys' fees in this case.

Finally, we consider the district court's limited award of costs to Appellants. This court will not disturb the assessment of costs by the district court unless there has been a showing of an abuse of discretion. *Salzstein v. Bekins Van Lines Inc.,* 993 F.2d 1187 (5th Cir.1993). The district court denied Appellants reimbursement for their expenses associated with court reporting services, witness fees, and service of process on the grounds that Appellants failed to submit a costs bill to the Clerk of the Court as required by Uniform Local Rule 15(a). Given the deferential standard and the

Appellants' failure to point to any evidence, we do not find the district court abused its discretion.

*CONCLUSION*

Based on the foregoing discussion, we REVERSE and REMAND this case to the district court, instructing the lower court in redetermining its award of attorneys' fees to consider the lodestar factors enunciated by this Court in *Johnson.*

REVERSED and REMANDED.