# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

### No. 96-50208

---

ZYZY, INC.; ZYZY, INC., doing business as
Guide Publishing Co; REX S. MCBEATH, Individually,

Plaintiffs - Appellants-Cross-Appellees,

VERSUS

CITY OF EAGLE PASS; RAUL TREVINO,
Individually and in Official Capacity; JOSE MORA,
Individually and in Official Capacity; JOSE FRANCISCO
FARIAS, Individually and in Official Capacity,

Defendants - Appellees-Cross-Appellants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

### No. 96-50358

---

ZYZY, INC.; ZYZY, INC., doing business as
Guide Publishing Co; REX S. MCBEATH,

Plaintiffs - Appellees-Cross-Appellants,

VERSUS

CITY OF EAGLE PASS; RAUL TREVINO, Individually
and in Official Capacity; JOSE MORA, Individually
and in Official Capacity; JOSE FRANCISCO FARIAS,
Individually and in Official Capacity,

Defendants - Appellants-Cross-Appellees.

---

Appeal from the United States District Court
For the Western District of Texas

(DR-94-CV-70)

June 27, 1997

Before KING, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs ZYZY, Inc., ZYZY, Inc. d/b/a Guide Publishing Co., and Rex S. McBeath, individually, brought this suit alleging that defendants City of Eagle Pass, Raul Trevino, Jose Mora and Joe Francisco Farias violated their constitutional rights of freedom of speech and freedom of the press under the First and Fourteenth Amendments and 18 U.S.C. § 1983. ZYZY, Inc. owns *The Eagle Pass News Guide* ("*The Guide*"), a local newspaper in Eagle Pass, Texas. Rex S. McBeath is the publisher and editor of *The Guide*. For over 30 years *The Guide* had published all city advertisements and public notices and, in the 1960's, *The Guide* was designated, by city ordinance, as the "official newspaper" of Eagle Pass.

Beginning in April 1993, *The Guide* published a series of articles reporting that Farias and Mora had improperly used city property for personal benefit and that Farias created a city job for Mora as a personal favor. In the spring of 1994, Mora and Farias ran for city council and Trevino sought election as mayor.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*The Guide* published a series of editorials opposing the candidacy of all three defendants.

None of the defendants were particularly pleased by these articles and editorials. Despite the "bad press," all three defendants were eventually elected. Upon their election, Mayor Trevino and Council Members Mora and Farias constituted a majority of the five-member city council.

At their first meeting on June 17, 1994, the city council fired Susana Gomez as city manager. During the election, Gomez had adopted an "open information" policy with *The Guide* and had been sharing public information with the press about the governmental affairs of Eagle Pass. Two months later, Mayor Trevino raised the issue of designating a new "official" city newspaper. Bid requests were sent out and *The News Gram* ("*The Gram*") submitted the lowest bid. In October 1994, *The Gram* was designated as the new "official newspaper" of Eagle Pass. Immediately thereafter, all advertising and public notices were switched from *The Guide* to *The Gram*.

In December 1994, plaintiffs brought this suit in federal court alleging that the City had retaliated against *The Guide* for publishing a series of critical news articles and editorials during the City's mayoral and council elections. The plaintiffs allege that the defendants retaliated against *The Guide* by withdrawing all advertising and public notices, and the revenue associated therewith, and by designating *The Gram* as the City's new official

3

newspaper.

After a jury trial, a verdict was returned in favor of the defendants.  The plaintiffs filed a timely notice of appeal.  On appeal, the plaintiffs contend that the jury charge was prejudicial because questions 1, 1A, and 2 misstate the *Mt. Healthy*[1] burden shifting test.  Further, plaintiffs argue that the jury's verdict was against the great weight of the evidence.

In a companion case, the City, Mayor Trevino, Mora and Farias appealed from the district court's decision sustaining *The Guide's* objections to certain costs for exemplification and copies of papers obtained for use in this case.  The defendants also appealed from the district court's order sustaining *The Guide's* objections to fees for witnesses relating to subpoenas, attendance, subsistence, and mileage.

**ANALYSIS**

The plaintiffs first contend that the district court submitted erroneous and prejudicial instructions to the jury.  The standard of review for challenges to the district court's jury instructions is set forth in ***F.D.I.C. v. Mijalis***, 15 F.3d 1314, 1318 (5th Cir. 1994).  In ***Mijalis***, we held that the challenges must show that the charge as a whole creates "substantial and ineradicable doubt whether the jury has been properly guided in its deliberations."

---

[1] *Mt. Healthy v. Doyle*, 429 U.S. 274 (1977).

4

*See* *id.* Second, even if the jury instructions were erroneous, we will not reverse if we determine, based upon the entire record, that the challenged instruction could not have affected the outcome of the case. *Id.* at 1318.

Both parties agree that the **Mt. Healthy v. Doyle**, 429 U.S. 274 (1977), burden shifting test governs the propriety of these instructions. Under **Mt. Healthy**, the burden rests first on the plaintiff to show that the conduct was constitutionally protected and that the conduct was a substantial or motivating factor in the adverse action taken by the defendant. *Id.* at 287. Once established, the burden shifts to the defendants to show that they would have taken the same action against the plaintiffs anyway, even in the absence of the protected speech.

Plaintiffs contend that the jury questions 1, 1A, and 2, on the verdict form misstate the applicable law because these questions required the plaintiffs to show that their protected speech about the defendants was the sole factor, instead of a substantial or motivating factor, in the defendants' actions taken against them. Plaintiffs also argue that the jury questions did not shift the burden to the defendants and require them to show that they would have taken the same action even in the absence of the plaintiffs' protected activity.

After reviewing the jury instructions submitted in this case, we cannot say that the charge as a whole created "substantial and

ineradicable doubt" as to whether the jury was properly guided in its deliberations. The jury was instructed to "keep in mind" the jury instructions while answering those questions. The jury instructions properly set forth the **Mt. Healthy** test. While we agree with the plaintiffs that the jury questions themselves do not accurately state the law, the jury instructions properly set forth the applicable test and, when read together, correctly convey the law. Therefore, we cannot say that the challenged instructions as a whole created "substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." **Mijalis**, 15 F.3d at 1318. As such, we affirm the district court's proffered instructions to the jury.[2]

The plaintiffs also contend that insufficient evidence exists to support the jury's verdict. In reviewing the propriety of a jury verdict, we must uphold the verdict "[u]nless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict." **Ham Marine, Inc. v. Dresser Indus., Inc.**, 72 F.3d 454, 459 (5th Cir. 1995). We look to determine whether there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did. *See* **Hiltgen v. Sumrall**, 47 F.3d 695, 699-700 (5th Cir. 1995). Having reviewed the transcript, briefs, and other relevant portions of the record, we

---

[2] Plaintiffs also contend that the district court's instruction as to the First Amendment rights of public officials was erroneous. Finding no error in the instruction, we affirm.

hold that adequate and sufficient evidence exists to support the jury's verdict in this case. As such, we affirm the district court's entry of judgment on the verdict.

Finally, in a companion case, the defendants appeal from the district court's refusal to assess certain costs against the plaintiffs. The defendants contend that the district court erred in refusing to assess the Bexar County Law Library copying charge of $8.80, the $59.00 certified copying expense incurred during trial, and the $1,315.78 outside vendor copying costs. Defendants also argue that the district court abused its discretion by denying defendants' subpoena service fees, witness attendance fees, mileage costs and sustenance payments for Ricardo Calderon, Guadalupe Cardona, Romelia Cardona, Ruth Cedillo, Arturo Garcia, Roberto Gonzalez, Celestino Hermandez, Graciela Carrillo Mazuka, Margaret McBeath, Leo Perez, Eduardo Trevino, Francisco Villa, Don Williams, and Lyndell Williams. Further, the defendants seek to recover costs for the individually named defendants who testified at trial.

We review the district court's award of attorney's fees and costs for abuse of discretion and the supporting fact findings for clear error. *See* **Riley v. City of Jackson, Mississippi**, 99 F.3d 757, 831 (5th Cir. 1996). Plaintiffs argue that these costs were not shown to be necessary under 28 U.S.C. § 1920. *And see* **Holmes v. Cessna Aircraft Co.**, 11 F.3d 63, 64 (5th Cir. 1994) (the party seeking copying costs must offer some proof of necessity).

7

Plaintiffs also contend that, because these witnesses did not testify at trial, the defendants were required to show that the witnesses were prepared to testify but extrinsic circumstances rendered their testimony unnecessary. Plaintiffs maintain the district court properly found that the defendants failed to show that their testimony was necessary. Further, plaintiffs assert that the named parties' costs are not recoverable under 28 U.S.C. § 1920 and the district court did not err by refusing to assess their costs to the plaintiffs.

With respect to the defendants' copying costs, the district court found that the defendants failed to explain the necessity of these costs, the number of pages copied, or the rate charged per page. The only explanation offered by the defendants for the $1,315.78 in outside vendor costs was that "the rate per copy charged by outside copying firms is typically less than $.15 per page." The district court found this explanation to be insufficient to establish necessity in this case. The district court also found that the defendants failed to show why each of the above witnesses' testimony was necessary or what circumstances made their testimony at trial unnecessary.[3]

After reviewing the record, testimony, and the parties' briefs on appeal, we find no clear error with the district court's factual

[3] On cross-appeal, the plaintiffs contend that the district court erred in awarding defendants the costs of copying depositions and condensed versions of depositions.

findings concerning costs and we cannot say that the district court abused its discretion in refusing to assess the costs sought by the defendants on appeal.  We further find that the district court did not err in awarding other costs associated with this case including the costs of copying depositions and of condensing certain versions of depositions.  As such, we affirm the district court's assessment of costs in this case.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should, in all things, be **AFFIRMED**.