# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-40827
Summary Calendar

NANCY F. GORDON,

Plaintiff-Appellant,

versus

TRANE COMPANY, a Division of
American Standard, Incorporated,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CV-62)

January 30, 1998

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Nancy F. Gordon appeals the denial of her motion for award of attorney's

fees and costs. For the reasons assigned, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Background

On January 22, 1996, Gordon filed suit against Trane Company, alleging violations of the Americans with Disabilities Act. Gordon sought damages of $195,249 for past and future lost earnings, damages for mental anguish, compensatory and punitive damages, reinstatement, an injunction, and fees and costs. On March 24, 1997, Trane submitted an Offer of Judgment in the amount of $750.00, which Gordon accepted. Thereafter, Gordon filed a motion for attorney's fees and costs under 42 U.S.C. § 1988 seeking $14,867.46 in fees and expenses. Trane opposed the award of any fees or costs as contrary to the settlement agreement. The district court found that although Gordon was a prevailing party and entitled to fees and costs under the offer of judgment, the settlement was *de minimis* compared to the damages and injunctive relief sought. Accordingly, the court determined that an award of fees and costs was not justified under the circumstances and denied Gordon's motion. Gordon timely appealed.

Analysis

We review the district court's assessment of costs and award of attorney's fees for abuse of discretion; the conclusions of law underlying a denial of attorney's fees and costs are reviewed *de novo*.[1] When assessing a reasonable fee in a case

---

[1] **Riley v. City of Jackson**, 99 F.3d 757 (5th Cir. 1996).

2

seeking the recovery of monetary damages, the district court is obliged to compare the amount of damages sought with the amount recovered.[2] After considering the amount and nature of damages recovered, "the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness or multiplying the number of hours reasonably expended by a reasonable hourly rate."[3] A district court may, with justification, decline to award costs to a prevailing party.[4]

After reviewing the record, briefs, and applicable law, we find no error of law in the trial court's ruling. We further conclude that there was no abuse of discretion therein. Gordon sought significant money damages as well as injunctive relief, but settled for $750.00, achieving only what must be termed a "technical victory" in that the ultimate goals of the litigation were not obtained.[5] Given the deferential standard of appellate review and finding none of Gordon's arguments to be persuasive, we conclude that the district court did not abuse its discretion.

The judgment appealed is AFFIRMED.

---

[2] **Farrar v. Hobby**, 506 U.S. 103 (1992).

[3] **Id.** (internal citations omitted).

[4] Fed.R.Civ.P. 54(d); **Walters v. Roadway Express, Inc.**, 557 F.2d 521 (5th Cir. 1977).

[5] **Riley**, 99 F.3d 757, citing **Farrar**, 506 U.S. 103.