**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-50594

FRANK GUERRERO,

Plaintiff-Appellee,

VERSUS

ANTONIO TORRES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CV-159)

January 18, 2000

Before KING, Chief Judge, DUHÉ and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Frank Guerrero ("Guerrero") sued several corrections officers, including Antonio Torres ("Torres"), at the Texas Department of Criminal Justice ("TDCJ"), Institutional Division, pursuant to 42 U.S.C. § 1983 ("Section 1983"). Guerrero alleged that corrections officers used excessive force against him on two occasions in December 1995. He sued for monetary and injunctive relief, and accused the officers of due process violations, excessive force, retaliation, denial of access to the court, assault and battery, threats of terror, and violations of TDCJ use of force policy.

A jury found Torres liable under Section 1983 for excessive

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

force, and assault and battery. It acquitted the other officers. The jury awarded Guerrero compensatory damages of one dollar.

The district court award Guerrero an attorney's fee of $11,737.50 and costs of $81.25 pursuant to 42 U.S.C. § 1988 ("Section 1988"). The court concluded that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d) ("Section 1997e(d)"), did not apply retroactively to Guerrero's claim, which he filed prior to the PLRA's enactment. Section 1977e(d)(2) of the PLRA limits an attorney's fee award to 150 percent of the judgment. The district court also determined that Guerrero's recovery of fees should not be denied or limited even though he achieved only a minimal monetary victory. We vacate and remand in light of the Supreme Court's decision in Martin v. Hadix, 527 U.S. 343, 119 S.Ct. 1998, 144 L.Ed.2d 347 (1999)[2], focusing on the retroactive application of PLRA Section 1997e(d).

The Court in Hadix[3] held that under Section 1997e(d) the PLRA limits "attorney's fees with respect to postjudgment monitoring services performed after the PLRA's effective date but it does not so limit fees for postjudgment monitoring performed before the effective date." Hadix, 119 S.Ct. at 2001. In this case, Guerrero commenced his lawsuit on February 12, 1996, and filed his complaint, upon approval of his petition to proceed in forma pauperis, on March 18, 1996. The court appointed his attorney the

---

[2]Decided after the district court ruled in this matter.

[3]A class action requiring post judgment monitoring of compliance.

following day.  The PLRA was enacted on April 26, 1996.

The district court noted that a majority of counsel's fees were generated after the PLRA's enactment.  Therefore, we find that the district court must apply the PLRA to all work by counsel after April 26, 1996.  The district court must apply the traditional lodestar analysis to work completed by counsel prior to the PLRA's enactment.  Appellant contends the district court committed clear error when calculating the lodestar fee.  Under the facts of this case, we decline to review the district court's basis for the fee award.

Appellant also contends that the district court abused its discretion by awarding any attorney's fees because the jury awarded Guerrero only one dollar in compensatory damages.  See Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (The Court affirmed a denial attorney's fees under Section 1988 where plaintiff sought $17 million in damages pursuant to Section 1983 but received only one dollar.)  The Court in Farrar noted that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Id. at 115 (internal citations omitted).

Nevertheless, we have said that attorney's fees may be warranted in some instances even though the plaintiff has received only nominal relief.  Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996) (commenting that a nominal recovery "may very well not derogate from the importance of the victory").  We find that

3

this is such a case.  As the district court noted in distinguishing Farrar and relying on Riley, "[the jury's] verdict sent a message to Torres and to the Texas Prison System that the unjustified use of force, even when a prisoner is not severely injured, is intolerable in a civilized society."

VACATED and REMANDED.