IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60328
Summary Calendar
_____

HARRY VINSON,

                                        Plaintiff-Appellant,

versus

ELIZABETH VINSON; ET AL.,

                                        Defendants,

ELIZABETH VINSON; CITY OF OLIVE BRANCH; SAMUEL P. RIKARD; GEORGE
COLLINS; AUBREY COLEMAN; GEORGE HARRISON; RICHARD E. DLUGACH;
STEVE DAWSON; OLIVE BRANCH POLICE DEPARTMENT; JIM HARRIS; CLEATUS
OLIVER; SCOTT GENTRY; LES SHUMAKE; BILLY W. BALDWIN; WALLACE
ANDERSON; MISSISSIPPI MUNICIPAL LIABILITY PLAN; JOHN DOES;
JENNIFER CARSON, Municipal Court Clerk,

                                        Defendants-Appellees.

_____

Consolidated with
_____

No. 00-60398
Summary Calendar
_____

HARRY VINSON,

                                        Plaintiff-Appellant,

versus

ELIZABETH VINSON; ET AL.,

                                        Defendants,

CITY OF OLIVE BRANCH; SAMUEL P. RIKARD; GEORGE COLLINS;
AUBREY COLEMAN; GEORGE HARRISON; RICHARD E. DLUGACH; STEVE
DAWSON; OLIVE BRANCH POLICE DEPARTMENT; JIM HARRIS; CLEATUS
OLIVER; SCOTT GENTRY; LES SHUMAKE; BILLY W. BALDWIN; WALLACE
ANDERSON; JUDY HERRINGTON; MISSISSIPPI MUNICIPAL LIABILITY
PLAN; JENNIFER CARSON, Municipal Court Clerk,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 3:99-CV-54-B-A
--------------------
March 20, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Harry Vinson challenges the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. The appellant argues that the district court erred because his complaint did state a claim for which relief could be granted.

With respect to the individual defendant, Elizabeth Vinson, the appellant's complaint does not contain any specific facts that would support his allegation that she acted in concert with the remaining defendants to deny his constitutional rights. Accordingly, the appellant's 42 U.S.C. § 1983 claim against Elizabeth Vinson was properly dismissed for failure to state a claim. See Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

In his complaint, the appellant sued each of the remaining defendants in their official capacities. Officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, the appellant's 42 U.S.C. § 1983

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims against these remaining defendants were properly dismissed for failure to state a claim. See Tuchman, 14 F.3d at 1067.

The appellant also challenges the district court's sua sponte imposition of sanctions under Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure. This court reviews the imposition of sanctions for an abuse of discretion. See Riley v. City of Jackson, 99 F.3d 757, 759 (5th Cir. 1996). When sanctions stem from a sua sponte Rule 11(c)(1)(B) decision, the district court is required to afford the party notice describing the offending conduct and allow him an opportunity to show cause why sanctions should not be imposed. Goldin v. Bartholow, 166 F.3d 710, 722 (5th Cir. 1999).

In this instance, in ruling on the appellees' motions to dismiss, the district court found that the appellant's complaint was frivolous and intended to harass the litigants. In its order dismissing the appellant's complaint, the district court ordered that Rule 11 sanctions be imposed against the appellant. The appellant was allowed an opportunity to respond to defense counsel's submission of fee itemizations but was never given advance notice of his perceived Rule 11 violations and an opportunity to respond thereto. The imposition of Rule 11(c)(1)(B) sanctions without notice and a hearing constitutes an abuse of discretion by the district court. See Goldin, 166 F.3d at 722. We vacate the district court's sanction order and remand this case for further proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.