IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60326
Summary Calendar
_____

PATTY YOUNG,

Plaintiff-Appellant,

versus

ELIZABETH VINSON; ET AL.,

Defendants,

ELIZABETH VINSON; CITY OF OLIVE BRANCH; SAMUEL P. RIKARD, Mayor,
City of Olive Branch; GEORGE COLLINS, Alderman, City of Olive
Branch; AUBREY COLEMAN, Alderman, City of Olive Branch; STEVE
DAWSON, Alderman, City of Olive Branch; RICHARD E. DLUGACH,
Alderman, City of Olive Branch; GEORGE HARRISON, Alderman, City
of Olive Branch; OLIVE BRANCH POLICE DEPARTMENT; JIM HARRIS,
Chief of Police, City of Olive Branch; CLEATUS OLIVER, Detective,
City of Olive Branch; SCOTT GENTRY, Officer, City of Olive Branch
Police Department; LES SHUMAKE, Municipal Court Judge, City of
Olive Branch; WALLACE ANDERSON, Prosecutor, City of Olive Branch;
BILLY W. BALDWIN, Deputy Clerk, City of Olive Branch; MISSISSIPPI
MUNICIPAL LIABILITY PLAN INSURANCE; JOHN DOES, Defendants and
others to be joined after discovery, et al.; JENNIFER CARSON,
Municipal Court Clerk,

Defendants-Appellees.

_____

Consolidated with
_____

No. 00-60407
Summary Calendar
_____

PATTY YOUNG,

Plaintiff-Appellant

versus

ELIZABETH VINSON; ET AL.,

**Defendants,**

**CITY OF OLIVE BRANCH; SAMUEL P. RIKARD, Mayor, City of Olive Branch; GEORGE COLLINS, Alderman, City of Olive Branch; AUBREY COLEMAN; Alderman, City of Olive Branch; STEVE DAWSON, Alderman, City of Olive Branch; RICHARD E. DLUGACH, Alderman, City of Olive Branch; GEORGE HARRISON, Alderman, City of Olive Branch; OLIVE BRANCH POLICE DEPARTMENT; JIM HARRIS, Detective, City of Olive Branch; SCOTT GENTRY, Officer, City of Olive Branch Police Department, LES SHUMAKE, Municipal Court Judge, City of Olive Branch; WALLACE ANDERSON, Prosecutor, City of Olive Branch; BILLY W. BALDWIN, Deputy Clerk, City of Olive Branch; MISSISSIPPI MUNICIPAL LIABILITY PLAN INSURANCE; JENNIFER CARSON, Municipal Court Clerk,**

**Defendants-Appellees**.

--------------------
Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 3:99-CV-55-B-A
--------------------
May 21, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Patty Young challenges the district court's dismissal of her 42 U.S.C. § 1983 complaint for failure to state a claim. Young argues that the district court erred because her complaint did state a claim for which relief could be granted.

With respect to the individual defendant, Elizabeth Vinson, Young's complaint does not contain any specific facts that would support her allegation that Vinson acted in concert with the remaining defendants to deny Young's constitutional rights. Accordingly, Young's 42 U.S.C. § 1983 claim against Elizabeth Vinson was properly dismissed for failure to state a claim. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Tuchman v. DSC Communications Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994).

In her complaint, Young sued each of the remaining defendants in their official capacities. Officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Therefore, Young's 42 U.S.C. § 1983 claims against these remaining defendants were properly dismissed for failure to state a claim. See <u>Tuchman</u>, 14 F.3d at 1067. We also agree with the district court that appellant's vague and rambling complaint states no constitutional violation against the municipal defendants or the City of Olive Branch.

Young also challenges the district court's <u>sua sponte</u> imposition of sanctions under Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure. This court reviews the imposition of sanctions for an abuse of discretion. See <u>Riley v. City of Jackson</u>, 99 F.3d 757, 759 (5th Cir. 1996). When sanctions stem from a <u>sua</u> <u>sponte</u> Rule 11(c)(1)(B) decision, the district court is required to afford the party notice describing the offending conduct and allow him an opportunity to show cause why sanctions should not be imposed. <u>Goldin v. Bartholow</u>, 166 F.3d 710, 722 (5th Cir. 1999).

In this instance, in ruling on the appellees' motions to dismiss, the district court found that Young's complaint was frivolous and intended to harass the litigants. In its order dismissing Young's complaint, the district court ordered that Rule 11 sanctions be imposed against Young. Young was allowed an

opportunity to respond to defense counsel's submission of fee itemizations but was never given advance notice of her perceived Rule 11 violations and an opportunity to respond thereto. The imposition of Rule 11(c)(1)(B) sanctions without notice and a hearing constitutes an abuse of discretion by the district court. See Goldin, 166 F.3d at 722. We vacate the district court's sanction order and remand this case for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART; ALL OUTSTANDING MOTIONS DENIED.**