IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31285
Conference Calendar
_____


MARY ANN BIDDLE LOVELL,
on behalf of Edmond White, Jr.,

                                        Plaintiff-Appellant,

versus

CLAIBORNE MANOR NURSING HOME INC.;
BILL COPELAND,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-275
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     This appeal stems from a long string of frivolous lawsuits filed by Mary Ann Biddle Lovell in connection with the events surrounding the succession of Mrs. Meaker Glover White.  In the instant appeal, Lovell challenges the district court's award of a $2,500 sanction pursuant to Fed. R. Civ. P. 11.  She argues that (1) there existed no legal process under which sanctions could have been ordered; (2) the defendants lacked standing to request

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sanctions; and (3) the defendants failed to prove the assessment and fees which supported the award of sanctions.

This court ordinarily reviews the imposition of sanctions for an abuse of discretion. See Riley v. City of Jackson, Miss., 99 F.3d 757, 759 (5th Cir. 1996). However, because Lovell failed to raise any of her current arguments in her objections to the magistrate judge's report and recommendation, review of the sanction order is for plain error only. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). To prevail on plain-error review, an appellant must show that (1) an error occurred, (2) the error was clear or obvious, (3) the error affected substantial rights, and (4) not correcting the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. Highlands Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, 27 F.3d 1027, 1031-32 (5th Cir. 1994).

Lovell has not shown plain error in connection with the sanction order. See id. Accordingly, the judgment of the district court is AFFIRMED. After having warned Lovell that many of her appeals were frivolous, this court sanctioned Lovell $105 for pursuing a frivolous appeal. See Lovell v. Claiborne Manor Nursing Home, No. 00-30735 (5th Cir. Dec. 13, 2000)(unpublished). Upon dismissing another of Lovell's appeals, this court ordered Lovell to pay a $250 sanction. See Lovell v. Greer, No. 00-30878 (5th Cir. Feb. 14, 2001)(unpublished). We DIRECT the clerk of this court and the clerks of all federal district courts within this Circuit to refuse to file any pro se civil complaint or

appeal by Lovell unless Lovell submits proof of satisfaction of the sanction imposed in both <u>Lovell</u>, No. 00-30735, and in <u>Lovell</u>, No. 00-30878.

AFFIRMED.