UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30605
SUMMARY CALENDAR
_____

BASE METAL TRADING, LTD.,

Plaintiff-Appellant,

v.

OJSC "NOVOKUZKETSKY" ALUMINUM FACTORY; ET AL.,

Defendants,

TRANS-WORLD (ALUMINUM), INC.,

Defendant-Appellee

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(00-CV-2236-F)
_____

December 19, 2001

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review a district court's award of attorneys' fees under Louisiana law.

For the following reasons, we find no error. Accordingly, we affirm the award.

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.

In December 1999, Appellant Base Metal Trading, Ltd. ("Base Metal"), obtained an arbitration award against Defendant, OJSC "Novokuzketsky" Aluminum Factory ("NKAZ"), in the Commercial Arbitration Court of Moscow Chamber of Commerce and Industry. On July 30, 2000, Base Metal filed a complaint against NKAZ in the Eastern District of Louisiana to enforce the arbitration award and obtained from the court a writ to attach cargo allegedly manufactured by NKAZ. The cargo was attached on August 1.

Appellee, Trans-World (Aluminum), Inc. ("TWA"), claimed ownership of the cargo and challenged the attachment. Through the New York law firm of Curtiss-Mallet, Prevost, Colt & Mosle, L.L.P., TWA provided Base Metal with documentation of TWA's ownership and tried to handle the matter without litigation. When amicability failed, TWA hired the New Orleans law firm of Lemle & Kelleher, L.L.P., as local counsel and authorized it to effect a release of the cargo as soon as possible. Because the cargo was to be delivered to a warehouse in Kentucky, time was of the essence,.

Through its local counsel, TWA filed a motion in the Eastern District of Louisiana to dissolve the writ of attachment and to assess damages for what it claims was a wrongful attachment. On August 11, 2000, Base Metal voluntarily released the cargo. The district court later held that the attachment had been wrongful under Louisiana law and that Article 3506 of the Louisiana Code of Civil Procedure entitled TWA to damages. The district judge then referred the case to the magistrate to determine the amount of the damages.

In her original report and recommendation, the magistrate judge set TWA's fees and costs at $19,607.65. Base Metal filed a motion to alter or amend the report and recommendation,

arguing that it contained miscalculations in TWA's award.  The magistrate court corrected the miscalculations in a supplemental report and recommendation and reduced TWA's attorneys' fees to $19,514.65.  The district court then approved both the original and supplemental reports and recommendations and awarded $19,514.65 in fees and costs to TWA.  From that decision, Base Metal appeals.

## II.

When reviewing a district court's assessment of attorneys' fees, this Court is bound to clearly established standards of review.  The district courts have broad discretion in determining the appropriate award for attorneys' fees, and this Court will normally review the award for abuse of discretion. *See Volk v. Gonzalez*, 262 F.3d 528, 534 (5th Cir. 2001); *Gold, Weems, Bruser, Sues & Rundell v. Metal Sales Mfg. Corp.*, 236 F.3d 214, 219 (5th Cir. 2000); *Riley v. City of Jackson*, 99 F.3d 757, 759 (5th Cir. 1996); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  We review the supporting factual findings for clear error and the supporting conclusions of law *de novo*. *Volk*, 262 F.3d at 534; *Gold*, 236 F.3d at 216–17, 219; *Riley*, 99 F.3d at 759.

The attorneys' fees awarded here were determined by the reports and recommendations of a magistrate court.  Under *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party that fails to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation shall be barred from appealing those findings, conclusions, and recommendations, except upon grounds of plain error. *Id*. at 1428–29.  Under the plain error standard of review, this Court may correct an error not raised at trial if (1) there is an error; (2) the error is plain; and (3) the error affects substantial rights. *Oden v. Oktibbeha County*, 246 F.3d 458, 466 (5th Cir. 2001) (citing *Johnson*

*v. United States*, 507 U.S. 725, 732 (1997)). "If plain error exists, this Court should not exercise its discretion to correct the error unless 'the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Oden*, 246 F.3d at 466 (quoting *Johnson*, 507 U.S. at 732).

TWA argues that Base Metal failed to file written objections to the magistrate court's reports and recommendations and that this Court should review the attorneys' fees award only for plain error. Base Metal did, however, file a motion to alter or amend the original report and recommendation, and it argues that this Court should treat its motion to alter or amend as a written objection. Accordingly, Base Metal urges this Court to apply the more typical clear error standard. Because we conclude that the district court committed no error whatsoever in its assessment of TWA's attorneys' fees, this Court need not determine which party has proposed the proper standard of review. Our decision today would be the same under either standard.

III.

We apply state law in assessing attorneys' fees awards in state-based claims. *See Specialty Healthcare Mgt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 658 (5th Cir. 2000); *United States ex rel. Cal's A/C & Elec. v. Famous Constr. Corp.*, 220 F.3d 326, 328 (5th Cir. 2000). TWA's claim for attorneys' fees stems from its claim for wrongful attachment under Louisiana law, and Article 3506 of the Louisiana Code of Civil Procedure allows an award for attorneys' fees incurred in curing a wrongful attachment. Thus, Louisiana law governs the attorneys' fees award in this case.

In *State v. Williamson*, 597 So.2d 439 (La. 1992), the Supreme Court of Louisiana outlined ten factors for the courts to consider when determining the reasonableness of an attorneys' fees award. *Id*. at 442. These factors include: "(1) the ultimate result obtained; (2) the

responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge." *Id*.

Base Metal first argues that the district court failed to consider these factors and that the court considered new, impermissible factors such as "familiarity with the client" and "gathering of ownership documents." Appellant Br. at 8. We give these arguments short shrift. Even the most cursory inspection of the original report and recommendation shows a detailed examination of the *Williams* factors and a thorough discussion of each in turn. R. at 642–46. Clearly, the magistrate court considered "familiarity with the client" and "gathering ownership documents" as smaller pieces of the larger *Williams* factors.

An in-depth review of the magistrate court's entire analysis is unnecessary, since Base Metal's appeal focuses on the fact that some of TWA's New York counsel's effort duplicated the effort of its New Orleans counsel in effecting the release of the attached cargo. In its original report and recommendation, the magistrate court determined that there was no duplication of effort at all from August 2, 2001, the day upon which the New York counsel began working on the matter, and August 6, the day before the first entry for the New Orleans counsel. R. at 644, 645. The magistrate court also found that TWA had an existing relationship with the New York firm and that the New Orleans firm, with its expertise in Louisiana law and local procedure and practices, was engaged only after attempts to convince Base Metal to release the cargo voluntarily had failed. R. at 644. Given the expediency with which the matter needed to be handled, the magistrate court found that it was reasonable for TWA to use the two firms and that any

duplication of effort that existed from August 6 through the release of the cargo on August 11 was also reasonable. *Id.*

Base Metal argues that, whenever there is any duplication of effort, the district court must reduce attorneys' fees accordingly. This Court has never held that duplication of effort is unreasonable *per se*, and Base Metal cites no case law to suggest that a district court must reduce attorneys' fees when there is duplication. In *Walker v. United States HUD*, 99 F.3d 761 (5th Cir. 1996), the attorneys for the prevailing parties in a class action were awarded attorneys' fees under 42 U.S.C. § 1988(b). *Id.* at 766. This Court affirmed the decision on appeal but modified the award. *Id.* at 774. Base Metal points to the following language from that decision to argue that the district court was required to reduce the attorneys' fees to compensate for the duplication of effort by TWA's New York and New Orleans counsels: "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." *Id.* at 768 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)). This rule, however, is permissive and not mandatory. Its permissiveness reflects the broad discretion that district courts have in assessing attorneys' fees. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The only mandate placed upon the district court is to determine "whether particular hours claimed were reasonably expended." *Walker,* 99 F.3d at 761 (quoting *Alberti v. Klevenhagen*, 896 F.2d 927, 932 (5th Cir. 1990)). Thus, a district court is not required to discount the time of two or three lawyers when one would do if the court determines that there was a legitimate reason to use more than one. In fact, even after noting that "compensation is sought for more than one attorney's time at depositions,

hearings, negotiations, or other activities only if there was a legitimate need for the involvement of more than one attorney," the *Walker* Court went on to review each instance of duplication and found no error in the trial court's decision on those issues. 99 F.3d at 768. Thus, rather than holding that any duplication of effort requires a reduction in attorneys' fees, *Walker* held that a district court has discretion to refuse to reduce attorneys' fees for duplication of effort if the duplication was not unreasonable.[2]

Here, the magistrate court found that any duplication of effort in resolving this matter was reasonable given that time was of the essence. We can find no error, clear or plain, in the magistrate's reasoning or in any other part of its analysis under *Williams*. The district court chose to approve the findings of the magistrate court and impliedly agreed that any duplication of effort was reasonable under the circumstances. Again, we find no error, clear or plain, in the district court's decision to approve the reports and recommendations of the magistrate court.

Base Metal's remaining argument is that TWA's New York counsel failed to exercise "billing judgment," which refers to the standard practice of writing off "unproductive, excessive, or redundant hours." *Walker*, 99 F.3d at 769–70. This argument is merely an attempt to couch the duplication argument, which we have already dispatched, under a different theory. For the same reasons, it too must fail.

IV.

---

[2] For similar reasons, the other cases cited by Base Metal fail to support its argument to the contrary. *See generally Cates v. Sears Roebuck & Co.*, 928 F.2d 679 (5th Cir. 1991); *Lalla v. City of New Orleans*, 161 F.Supp.2d 686 (E.D.La. 2001); *Major v. Treen*, 700 F.Supp. 1422 (E.D. La. 1988); *Moody v. Arabie*, 498 So.2d 1081 (La. 1986). Further, although the attorneys' fees in *Walker* were assessed pursuant to federal law, Louisiana case law supports the rule that a duplication of effort between attorneys may be reasonable under certain circumstances. *See Commercial Union Ins. Co. v. James J. Culotta, Inc.*, 345 So.2d 561, 563 (La. Ct. App. 1977).

We AFFIRM the district court's order awarding TWA fees and costs of $19,514.65.