United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60956

PRIDE FORD LINCOLN MERCURY INCORPORATED;
PRIDE AUTO SALES INCORPORATED;
PRIDE NISSAN INCORPORATED,

Plaintiffs-Appellants,

versus

MOTORS INSURANCE CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
2:00-CV-226

Before REAVLEY, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Pride Ford Lincoln Mercury ("Pride Ford") filed this diversity action against

Appellee Motors Insurance Company ("MIC") for wrongly refusing to pay certain "false

pretense" insurance claims. After a jury trial, the district court entered judgment as a matter of

law in favor of Pride Ford on the issue of liability. The district court also entered judgment as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

matter of law in favor of MIC vis-a-vis punitive damages. A jury returned a verdict awarding Pride Ford over $140,000, in actual and consequential damages. The district court partially granted Pride Ford's request for attorneys' fees, but for approximately one half of the amount requested.

Pride Ford appeals the district court's refusal to allow the jury to consider punitive damages, by way of granting judgment as a matter of law as to punitive damages, and the district court's reduction in Appellant's request for attorneys' fees.

## I. Punitive damages

We review *de novo* the district court's judgment as a matter of law in MIC's favor with respect to punitive damages. *See Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1042 (5th Cir. 1998). Reasonable inferences as to the evidence are made in Pride Ford's favor as the non-moving party. *Id.*

The district court cited the Mississippi Punitive Damages Act in its discussion of whether to instruct the jury as to punitive damages. Appellees concede this was erroneous and that this act does not apply to cases arising under contract law. *See* Mississippi Punitive Damages Act § 11-1-65(5)(a).

The parties further agree that the proper test of whether to instruct a jury as to punitive damages is the Mississippi common law test. Under Mississippi contract law, "determination of whether to submit a punitive-damages issue to the jury generally will be contingent on a determination of whether the insurer denied the underlying policy or contract claim on an arguable basis." *Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1184 (Miss. 1990). "Arguably-based denials are generally defined as those which were rendered upon dealing with the

2

disputed claim fairly and in good faith." *Id.* "[W]here the judge conclusively determines that an arguable basis for the denial or breach is not evidenced, the insurer may be deemed to have acted unfairly and in bad faith. In these cases, the punitive-damages issue generally should be submitted to the jury -- notwithstanding whether a directed verdict (or the like) was granted on the insured's policy or contract claim." *Id.* at 1185. Though, "[p]unitive damages are generally denied when an insurance company defends, rather than settles, a close case; when a company honestly contests the amount; or when a company contests coverage because the insured has failed to meet a policy condition." *Nichols v. Shelter Life Ins. Co.*, 923 F.2d 1158, 1164 (5th Cir. 1991).

There are, however, instances when "[s]ubmission of the punitive-damages issue *may not* be warranted -- notwithstanding an absence of an arguable basis for the denial or breach." *Williams*, 566 So. 2d at 1185. "For example, the punitive-damages issue should not be submitted to the jury in cases involving an insurer who wrongfully denied a claim because of clerical error or honest mistake -- though objectively speaking, error or mistake does not constitute an arguable reason for failure to honor a just claim." *Id.* at 1185-86 (internal quotations and citations omitted).

"Conversely, Mississippi law has evolved to a point of recognition that submission of the punitive-damages issue *may* be submitted -- notwithstanding the *presence* of an arguable basis." *Id.* at 1186. "For example, an insurer who denies a claim on an arguable basis could conceivably be held liable for punitive damages if the insured's financial straits were used as a settlement leverage." *Id.*

The reasons the district court gave for not allowing the jury to consider punitive damages were that the policy was confusing and hard to follow and that the adjuster was merely following

3

company policy.  We do not find the contract to be confusing. Indeed, the district court was able to properly find for Pride Ford as a matter of law on its claim of wrongful refusal to pay. Furthermore, the reasons given by the district court are not on par with the clerical or honest mistake exceptions as outlined by the Mississippi Supreme Court.  The facts were obvious to MIC at the time, and the law was settled.  The jury, therefore, should have been given the opportunity to consider awarding punitive damages per Mississippi law.[1]

## II.  Attorneys' fees

"On appeal, this Court reviews the district court's award of attorneys' fees authorized by statute for abuse of discretion, and the supporting factual findings are reviewed for clear error." *Riley v. City of Jackson*, 99 F.3d 757, 759 (5th Cir. 1996).

"This Circuit uses the 'lodestar method' to calculate attorneys' fees. Thus, in assessing attorneys' fees, this Court has stated that the district court must examine the factors set out in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974)." *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).  "If the *Johnson* factors are not evaluated and explained by the district court with a reasonable degree of specificity in making its fee award determination, the case will be remanded, if necessary, for an explanation to facilitate appellate review." *Id.*  In this case, the district court did not address the *Johnson* factors or give any reason for the amount of fees it awarded.  As such, vacating and remanding as to attorneys' fees is appropriate.

## III. Conclusion

___

[1]    To the extent evidence must also show that the insurer acted intentionally or was grossly negligent, this requirement is "superfluous since an insurer's failure to pay a claim without an arguable reason is usually tantamount to a wilful or grossly negligent refusal to pay." *Merchants Nat'l Bank v. Southeastern Fire Ins. Co*., 751 F.2d 771, 775 n.3 (5th Cir. 1985).

The district court erred by not instructing the jury to consider awarding punitive damages. We reverse the district court's entry of judgment as a matter of law in favor of MIC with respect to punitive damages. Accordingly, this case is remanded for the limited purpose of allowing a jury to decide whether to award punitive damages. "On remand, the district court will grant a new trial to determine punitive damages and instruct the jury that it may assess such damages against [MIC] if it believes that there was no legitimate or arguable reason to deny payment and it further believes that the denial was intentional or grossly negligent." *Merchants Nat'l Bank*, 751 F.2d at 777. "The district court will, at the close of [the new] trial, submit only the punitive damage issue to the jury. The actual damage award in the first trial will not be disturbed." *Id*. at 781.

Additionally, the district court's award of attorneys' fees is vacated. Upon completion of the proceedings, an award of attorneys' fees by the district court should include a *Johnson* analysis.

REVERSED IN PART, VACATED IN PART, and REMANDED.